William H. Doyle, Arizona Bar Number 007285
Brandon D. Millam, Arizona Bar Number 034696
**Doyle Hernandez Millam**
1313 E. Osborn Road, Suite 220
Phoenix, Arizona 85014
Telephone: (602) 240-6711
Facsimile: (602) 240-6951
wdoyle@doylelawgroup.com
bmillam@doylelawgroup.com
**Firm E-mail:** alg@doylelawgroup.com

Attorneys for Drue Kaplan-Siekman

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, et al, | NO. 2:22-cv-00375-SRB |
| Plaintiffs, | **DEFENDANT DRUE KAPLAN-SIEKMAN'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| vs. | |
| State Of Arizona, et al, | |
| Defendants. | |

Defendant Drue Kaplan-Siekman hereby moves for judgment on the pleadings in accordance with Federal Rule of Civil Procedure 12(c). This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

Jessica Kahraman brought the present suit on behalf of herself and her minor children for actions taken by various defendants and former defendants immediately preceding and during the course of a state child dependency proceeding for the protection of the minor children. Plaintiffs' claims against Defendant Kaplan-Siekman fail on the pleadings. First, Ms. Kahraman bases her claims on conduct undertaken by Defendant Kaplan-Siekman

while employed by Southwest Human Development ("SWHD") but Ms. Kaplan-Siekman left the employ of SWHD on or about September 5, 2019. Thus, none of Defendant Kaplan-Siekman's conduct could have occurred after that date. Because Ms. Kahraman originally filed this suit in November 2021, more than two years after Defendant Kaplan-Siekman's last day of work for SWHD, Ms. Kahraman's claims are time barred.

Next, Plaintiffs' allegations, even if taken as true, cannot support any 42 U.S.C. § 1983 action against Defendant Kaplan-Siekman because no conspiracy can be inferred from the totality of the allegations against her. Finally, Plaintiffs' state law claims for negligence and intentional infliction of emotional distress fail because Plaintiffs have failed to cite any cognizable legal duty and failed to set forth allegations to support the elements of a claim for intentional infliction of emotional distress. Consequently, Plaintiffs' suit against Defendant Kaplan-Siekman should be dismissed in its entirety.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND:

The Court is already very familiar with Plaintiffs' Complaint, First Amended Complaint, and operative Second Amended Complaint ("SAC"). The SAC consists of 15 claims. As to Defendant Kaplan-Siekman, those claims consist of claims for violations of 42 U.S.C. § 1983, claims of gross negligence based on alleged violations of Arizona statutes, and a claim for intentional infliction of emotional distress ("IIED"). The SAC makes few allegations against Defendant Kaplan-Siekman throughout its sprawling narrative. Those allegations are:

1. Defendant Kaplan-Siekman was an employee of SWHD "until the end of 2019 or beginning of 2020." [SAC at ¶¶ 18–19, 79]

2. Defendant Kaplan-Siekman "aided the agenda of DCS and the State of Arizona." [SAC at ¶ 19]

3. Defendant Kaplan-Siekman ignored a "positive report" from a psychologist and

refused to lift Munchausen by Proxy protocols and supervised visit requirements for Plaintiff Jessica Kahraman. [SAC at ¶ 93]

4. Defendant Kaplan-Siekman "insisted on driving [a] false narrative that Jessica was an unfit parent because she suffered from MSBP and would not accept her responsibility that this was the reason why her children were in State's care." [SAC at ¶ 93]

5. Defendant Kaplan-Siekman ignored positive reports of SWHD employees and insisted Plaintiff Jessica Kahraman remain on the highly restricted supervised visits with the MSBP protocol. [SAC at ¶ 122]

6. Defendant Kaplan-Siekman directed SWHD employees to change their position toward Plaintiff Jessica Kahraman. [SAC at ¶ 134]

7. Defendant Kaplan-Siekman directed SWHD employees to continue to not lift MSBP protocols and supervised visit requirements for Plaintiff Jessica Kahraman. [SAC at ¶ 136]

8. Defendant Kaplan-Siekman "went to great lengths" to prevent Plaintiff Jessica Kahraman from meeting treatment goals by failing to renew visit authorizations, canceling visits, unreasonably restricting time to discuss goals, and requiring Plaintiff Jessica Kahraman to accept responsibility for MSBP abuse and neglect.

Plaintiffs also allege Ahmet, D.K. and K.K.'s father and Plaintiff Jessica Kahraman's ex-husband, "joined forces with DCS" in "early 2020" and tie much or all of SWHD and Defendant Kaplan-Siekman's allegedly unlawful actions to conduct after this alleged alliance. [SAC at ¶ 119] As discussed *infra*, this is internally inconsistent with Plaintiffs' SAC and utterly inconsistent with facts established by records integral to the pleadings, *e.g.*, Defendant Kaplan-Siekman's employment records attached as **Exhibit 1**. Defendant Kaplan-Siekman left SWHD on or about September 5, 2019. By Plaintiffs' own admission,

1  Defendant Kaplan-Siekman left SWHD in "2019 or 2020" and thus could not have
2  conspired with Ahmet or directed anyone to alter services. [SAC at ¶ 19]

3  **II.    ARGUMENT**:

4       A motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) tests the
5  sufficiency of the pleadings in substantially the same manner as a Rule 12(b)(6) motion. *See*
6  *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011). As with a Rule
7  12(b)(6) motion, a court analyzing a 12(c) motion must accept the allegations in the
8  complaint as true and construe them in the light most favorable to the non-moving party.
9  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A court, however, is not required to
10 assume the truth of conclusory statements. *United States ex rel. Chunie v. Ringrose*, 788
11 F.2d 638, 743 n. 2 (9th Cir. 1986). The court should grant a Rule 12(c) motion when, with
12 these requirements in mind, the movant is entitled to judgment as a matter of law. *Ventress*
13 *v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010).

14      The court may consider documents attached to the complaint, documents
15 incorporated by reference in the complaint, or matters of judicial notice without converting a
16 Rule 12 motion to one for summary judgment. *See United States v. Ritchie*, 342 F.3d 903,
17 908 (9th Cir. 2003). Though not specifically attached to the SAC, Plaintiffs repeatedly assert
18 that Defendant Kaplan-Siekman left SWHD in 2019 or early 2020. In other words,
19 Plaintiff's specifically acknowledge that Defendant Kaplan-Siekman: (1) left SWHD; and
20 (2) did so in 2019 or *early* 2020. Thus, Defendant Kaplan-Siekman's departure from SWHD
21 in 2019 is integral to and referenced within the Complaint. It is also dispositive as to Ms.
22 Kahraman's claims as discussed *infra*.

23      **a.  Statute of Limitations as to Ms. Kahraman**

24      Federal courts apply the forum state's statute of limitations for personal injury
25 actions to claims under § 1983. *Butler v. National Community Renaissance of California*,
26

766 F.3d 1191, 1198 (9th Cir. 2014). Thus, Arizona's two-year statute of limitations applies to § 1983 claims. *Morgan v. Cochise County Board of Supervisors*, 487 F.Supp.3d 789, 795 (D. Ariz. 2020). Similarly, for state law claims, Arizona has a two-year statute of limitations for personal injury actions and a one-year statute of limitations false imprisonment claims. A.R.S. §§ 12-541, -542. The original complaint in this matter was filed on November 16, 2021. Defendant Kaplan-Siekman last worked for Southwest Human Development on or before September 5, 2019. **[Exhibit 1]** Thus, even the latest statute of limitations for *any* of Plaintiff's claims would have run on or before September 5, 2021. Ms. Kahraman's claims are untimely and must be dismissed with prejudice for failure to comply with the relevant statutes of limitations. Regardless of the statutes of limitations barring Ms. Kahraman's claims, all Plaintiffs—Jessica, K.K., and D.K.—have failed to state a claim as to any of their claims against Defendant Kaplan-Siekman.

### b. Failure to State a Claim under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983 a plaintiff must allege violation of a right secured under the Constitution or federal law and that the person who committed the alleged violation was acting under color of State law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiffs assert § 1983 claims against Defendant Kaplan-Siekman for unlawful detention, conspiracy, failure to make reasonable efforts to reunite the family, and failure to protect the children's rights to have their medical decision made by their parents.

Ms. Kaplan-Siekman, as a private actor, must have been acting "under color law" to be liable under § 1983. *See Jensen v. Lane Cty.*, 222 F.3d 570, 574 (9th Cir. 2000). Plaintiffs could have created a plausible inference that Defendant Kaplan-Siekman was acting under color of law by alleging a conspiracy between Ms. Kaplan-Siekman and the State. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). But allegations of conspiracy between the State

and a private actor must show an agreement or "meeting of the minds" to violate constitutional rights. *Id.* Here, Plaintiffs were required to plausibly allege that Ms. Kaplan-Siekman shared the "goal" of violating their constitutional rights with the state and that there was "substantial" cooperation between Ms. Kaplan-Siekman and the State. *Id.* at 445.

Plaintiffs have not plausibly alleged a conspiracy between Defendant Kaplan-Siekman and the State of Arizona or any state actor. Instead, their allegations—excluding the conclusory statements disguised as factual allegations—amount to little more than a narrative that Defendant Kaplan-Siekman supervised a non-profit that, in turn, supervised visitation between Plaintiffs. None of those allegations plausibly suggest that Defendant Kaplan-Siekman conspired with State agents to deliberately deprive Plaintiffs of recognized constitutional rights.

### c. Failure to State a Claim for Negligence

To state a claim for negligence, Plaintiffs must allege a duty of care. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563–64 ¶ 7 (2018). Whether a duty of care exists under Arizona law is a purely legal question "to be determined *before* the case-specific facts are considered." *Id.* quoting *Gipson v. Kasey*, 214 Ariz. 141, 145 ¶ 21 (2007). Plaintiffs assert that Defendant Kaplan-Siekman was negligent in relations to claims eight, nine, and ten which all attempt to create a duty of care pursuant to Title 8 of the Arizona Revised Statutes. Plaintiffs base this theory on allegations that Defendant Kaplan-Siekman was an employee or agent of DCS. But Defendant Kaplan-Siekman was at all relevant times an employee of SWHD and *not* an employee or agent of the State or its Department of Child Safety.

Legal duties arise from public policy, including statutes, or at common law. *See generally Quiroz*, 243 Ariz. 560. Here, Plaintiffs point to Title 8 of the Arizona Revised Statutes and specifically to A.R.S. §§ 8-456, 8-533, and 8-802. These statutes do not create a duty on the part of non-DCS employees nor do they create a private right of action.

1  Instead, they apply specifically to DCS employees and prescribe generally for the activities
2  of DCS and its employees in carrying out their duties to protect the welfare of children in
3  Arizona.

4  Arizona Revised Statute section 8-456 is entitled "[i]nvestigate function; training;
5  voice stress analysis; recordings; criminal offenses; definitions." *See* A.R.S. § 8-456.
6  Section 8-456 requires that DCS train its investigators in forensic interviewing, requires
7  investigation of certain criminal conduct, requires safety assessments, describes procedures
8  for intake hotline reports, and otherwise pertains to a number of internal DCS functions
9  wholly unrelated to Defendant Kaplan-Siekman. Similarly, A.R.S. § 8-533 is entitled
10 "[p]etition; who may file; grounds" and pertains generally to how a petition to terminate the
11 parent-child relationship may be filed, the grounds for termination, and some of the
12 procedures to carry out that termination. A.R.S. § 8-533. Finally, A.R.S. § 8-802 is entitled
13 "[c]hild safety worker; fingerprint clearance cards; interview requirements; temporary
14 custody limit; cooperation and coordination; alteration of files; violation; classification."
15 A.R.S. § 8-802. By its terms and the terms of §8-802 it only applies to child safety workers
16 who are defined under § 8-801 and, under § 8-802, employed by DCS. *See* A.R.S. §§ 8-801,
17 8-802.

18  By their terms, none of these statutes create a private right of action. Similarly, none
19 can be used as the basis of a claim for negligence *per se*. In Arizona, negligence *per se*
20 exists when a statute proscribes certain or specific acts. *Ibarra v. Gastelum*, 249 Ariz. 493,
21 495–96 ¶ 9 (Ariz. App. 2020). Statutes that merely set forth a general standard of care do
22 not form the basis for negligence *per se*. *Id.* None of these statutes set forth such a standard
23 and thus cannot create a claim for negligence *per se*. *See id.* Furthermore, the statutes do not
24 apply to non-DCS employees to create a duty. *See* A.R.S. §§ 8-456, -533, -802. Thus,
25 Defendant Kaplan-Siekman did not owe a duty based on these statutes and therefore
26

Plaintiffs' claims 8 through 10 fail as to Defendant Kaplan-Siekman.

### d. Failure to State a Claim for Intentional Infliction of Emotional Distress

Plaintiffs failed to state a claim for intentional infliction of emotional distress against Defendant Kaplan-Siekman. To prove an IIED claim, a plaintiff must prove three required elements "*first*, the conduct by the defendant must be "extreme" and "outrageous," *second*, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third*, severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (Ariz. 1987). In Arizona, extreme and outrageous conduct is that conduct which goes "beyond all possible bounds of decency" and is "utterly intolerable in a civilized community." *Shepherd v. Costco Wholesale Corporation*, 246 Ariz. 470, 475 ¶ 19 (Ariz. App. 2019) (vacated in part, as to ¶¶ 25–35, 38 by *Shepherd v. Costco Wholesale Corporation*, 250 Ariz. 511 (Ariz. 2021)). Plaintiffs allege that Ms. Kaplan-Siekman is liable for IIED because of her "gross negligence and negligence *per se*" and that her conduct is "unquestionably extreme and outrageous" because Ms. Kahraman "was a loving, caring parent" and Ms. Kaplan-Siekman had "simply gotten it wrong." Plaintiffs go on to allege, without providing any specifics, that Ms. Kaplan-Siekman "supported" Ms. Kahraman's husband and refused to consider Ms. Kahraman's countervailing evidence during the adversarial court proceedings. Nothing in these allegations demonstrates or even alleges that Ms. Kaplan-Siekman intended to cause emotional distress or acted with reckless disregard of the high probability of inflicting such distress. Nor can anything in the Second Amended Complaint be read to infer that Ms. Kaplan-Siekman *conduct* went beyond the "bounds of decency" to the point of being "utterly intolerable in a civilized community." *See Shepherd*, 246 Ariz. at 475 ¶ 19. Thus, this Court should dismiss Plaintiffs' IIED claims against Ms. Kaplan-Siekman.

### III. CONCLUSION:

Based on the foregoing, this Court should dismiss all of Plaintiffs' claims against Defendant Kaplan-Siekman. Ms. Kahraman's claims are barred by the relevant statutes of limitations because Ms. Kaplan-Siekman's last involvement with Ms. Kahraman or her children was on or before September 5, 2019. Furthermore, all of the claims of all of the Plaintiffs fail as to Defendant Kaplan-Siekman. Plaintiffs have failed to allege a conspiracy between Defendant Kaplan-Siekman and any state agent, fatal to their § 1983 claims. Plaintiffs have failed to show a legally cognizable duty relevant to their negligence claims which, again, is fatal to those claims. Finally, Plaintiffs have failed to put forth allegations from which a plausible cause of action for IIED could be inferred, which is fatal to their IIED claim. Accordingly, this Court should dismiss all claims against Defendant Kaplan-Siekman.

DATED this 28th day of August, 2023.

DOYLE HERNANDEZ MILLAM

By /s/ William H. Doyle
William H. Doyle
Brandon D. Millam
1313 E. Osborn Road, Suite 220
Phoenix, Arizona 85014
***Attorneys for Defendants Southwest Human Development and Drue Kaplan-Siekman***

**ELECTRONICALLY** transmitted this 28th day of August, 2023, the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

DeeAn Gillespie Strub, Esq.
Sandra T. Daussin, Esq.
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street, Ste. 100
Phoenix, Arizona 85020-5262
dgillespie@gillaw.com
sdaussin@gillaw.com
*Attorneys for Plaintiffs*

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
**MILLS + WOODS LAW PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona 85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

Amy Wilkins Hoffman, Esq.
**HOFFMAN LEGAL, LLC**
4742 N. 24th Street, Suite 300
Phoenix, Arizona 85016
ahoffman@hoffmanlegalaz.com
*Attorneys for State Defendants*

Robert Grasso, Jr., Esq,
Pari K. Scroggin, Esq.
Pamela L. Judd, Esq.
**GRASSO LAW FIRM, P.C.**
2250 East Germann Road, Suite 10
Chandler, AZ 85286
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
*Attorneys for Defendant Southwest Human Development and Gwynetth Kelly*

/s/LaDranda T. Boudwine