WILLIAM H. DOYLE, ARIZONA BAR NUMBER 007285
BRANDON D. MILLAM, ARIZONA BAR NUMBER 034696
**DOYLE HERNANDEZ MILLAM**
1313 E. OSBORN ROAD, SUITE 220
PHOENIX, ARIZONA 85014
TELEPHONE: (602) 240-6711
FACSIMILE: (602) 240-6951
WDOYLE@DOYLELAWGROUP.COM
BMILLAM@DOYLELAWGROUP.COM
FIRM E-MAIL: ALG@DOYLELAWGROUP.COM

ATTORNEYS FOR DRUE KAPLAN-SIEKMAN

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> State Of Arizona, et al, <br><br> Defendants. | NO. 2:22-cv-00375-SRB <br><br> **DEFENDANT DRUE KAPLAN-SIEKMAN'S REPLY IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant Drue Kaplan-Siekman hereby submits her Reply in Support of her Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). This Reply is supported by the following Memorandum of Points and Authorities.

### **Memorandum of Points and Authorities**

In opposing Defendant Kaplan-Siekman's Motion, Plaintiffs attempt to reargue against this Court's prior rulings, invent new law on accrual, and argue that allegations thinner than those against parties already dismissed from this matter are sufficient to state a claim against Defendant Kaplan-Siekman. Plaintiffs' arguments are unavailing and

Defendant Kaplan-Siekman's Motion should be granted.

## I.  Statute of Limitations as to Ms. Kahraman

Plaintiffs argue that this Court's prior rulings as to the accrual of Plaintiffs' § 1983 claims were incorrect. Thus, most of Plaintiffs' arguments as to Ms. Kahraman's claims being time barred are really no more than an inappropriate attempt to change the law of the case. This Court should reject that attempt. This Court correctly previously ruled that Ms. Kahraman's claims in Count 2 of the Complaint are untimely because they accrued on or around December 28, 2018. [Doc. 145 p. 7] Because the Complaint alleges that Ms. Kaplan-Siekman was involved on or before April 16, 2019 [Doc. 74 p. 21] even this Court's exception as to Defendant Gwynetth Kelly does not apply. This Court has already ruled on accrual in this matter as it pertains to Count 2 and should rule consistently in that regard as to Defendant Kaplan-Siekman. The remaining § 1983 claims against Defendant Kaplan-Siekman by Ms. Kahraman are also time barred.

Plaintiffs also argue that Defendant Kaplan-Siekman is inappropriately relying on Exhibit 1 to her Motion for Judgment on the Pleadings which demonstrates that Defendant Kaplan-Siekman left Southwest Human Development ("SWHD") in early September of 2019. Plaintiffs' Complaint includes numerous allegations that Defendant Kaplan-Siekman left SWHD "in late 2019 or early 2020." [Doc. 74, passim.] Because Plaintiffs repeatedly allege that Defendant Kaplan-Siekman left in late 2019 or early 2020 and because her date of departure is dispositive of all of Ms. Kahraman's claims against her, Exhibit 1, which demonstrates the exact departure, is integral to a matter referenced in the Complaint. Thus, this Court can and should consider it and dispose of Plaintiffs' claims against Ms. Kaplan-Siekman.

///

///

## II.    48 U.S.C. § 1983 Claims

Relying entirely on paragraphs 190 through 192 of their Second Amended Complaint, Plaintiffs assert that Defendant Kaplan-Siekman should be treated as a state actor because she conspired with the State or its agents or employees. But paragraphs 190 through 192 of their Second Amended Complaint are nothing more than conclusory statements of law couched as factual allegations. Furthermore, Plaintiffs allege in their Response that this Court "previously found that these allegations were sufficient for the conspiracy claim against State Defendants Bell and Temple" relying on this Court's order at Doc. 145 pages 9, 10, and 16. [Doc. 168 p. 15 ln. 2–5] This grossly misrepresents the Court's order. Indeed, this Court found Plaintiffs failed to allege a conspiracy as to each of the moving non-state actors and dismissed those claims. The State cannot, of course, conspire with itself nor is "conspiracy" and independent cause of action under § 1983. *See, e.g., Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012).

As discussed in Defendant Kaplan-Siekman's Motion, a private person must act "under color of law" to create § 1983 liability. *See Jensen v. Lane Cty.*, 222 F.3d 570, 574 (9th Cir. 2000). In this matter, Plaintiffs have attempted to broaden the scope of persons who might be liable for their § 1983 claims by attempting to allege a conspiracy between various private actors and the State or its employees and agents. Plaintiffs have also made conclusory assertions that Defendant Kaplan-Siekman and others are State agents but those assertions fail on their face—even their Second Amended Complaint admits Defendant Kaplan-Siekman is a former employee of SWHD and not the State or one of its departments or agencies.

To properly plead a conspiracy claim in this context, Plaintiffs must set forth factual allegations that, if true, would show a "meeting of the minds" between the private party and State with the object of the conspiracy being the intentional violation of the claimant's

constitutional rights. *See, e.g.*, *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). Plaintiffs failed to do so and, in their opposition to Defendant Kaplan-Siekman's Motion, have failed to point to any portion of their Second Amended Complaint that could plausibly establish such a conspiracy. In their Response, Plaintiffs attempt to establish the requisite conspiracy by claiming that the State took temporary custody of the minor children "based on false accusations that the parents have MSBP." [Doc. 168 p. 15 ln. 13–14] Of course, Defendant Kaplan-Siekman had nothing to do with this initial seizure and their Second Amended Complaint even admits as much. Instead, the Second Amended Complaint is limited to, at most, allegations that Defendant Kaplan-Siekman "ignored positive reports," "maintained restriction," and "refused to recommend full visitation rights" all, according to the Response, "in keeping with the desired DCS course for this family." [Doc. 168 p. 15] This new interpretation of their Second Amended Complaint's scant factual allegations is a considerable expansion of the well-pleaded allegations. Even still, neither Plaintiffs' Second Amended Complaint nor Response alleges more than independent or passive activities by Defendant Kaplan-Siekman. There is a vast gulf between the factual underpinnings of a conspiracy as described in *Franklin v. Fox* and allegations that a private party failed to accept the recommendations of third parties or refused to make desired recommendations to the State. Plaintiffs have failed to plead facts that would expand § 1983 liability to Defendant Kaplan-Siekman and, thus, those claims should be dismissed.

**III.   Negligence Claims**

In their Response, Plaintiffs attempt to paint Defendant Kaplan-Siekman as a State employee by noting that this Court did not dismiss claims against some State employee defendants while conveniently omitting the dismissal of the claims against the other non-State defendants. Plaintiffs seem to also assert that their insufficiently alleged conspiracy claims somehow expand Arizona's duty jurisprudence. But nothing in Arizona's seminal

jurisprudence on duty even vaguely suggests such an outcome. *See, e.g., Ontiveros v. Borak*, 667 P.2d 200, 208 (1983); *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). Duty in Arizona is a question of law that arises from statutory or common law and is based on statutory mandates or special relationships between the claimant and purported defendant. *See, e.g., Gipson*, 150 P.3d at 230. Plaintiffs' serial citations to *Santosky v. Kramer* and a series of Arizona cases on severances do not expand Arizona's statutory law nor do any of the recited cases expand existing duties. [Doc. 168 p. 16–17] Additionally, Plaintiffs' Response does not expand Defendant Kaplan-Siekman's former role with SWHD to one that "may effectively end" the parent-child relationship. [Doc. 168 p. 18 ln. 21–26] Ultimately, Plaintiffs have failed to allege that Defendant Kaplan-Siekman is a child safety worker under Ariz. Rev. Stat. § 8-801(2) and nothing in their Response can change this. Plaintiffs have failed to state a negligence claim against Defendant Kaplan-Siekman.

## IV.   Intentional Infliction of Emotional Distress Claims

In an effort to save their unfounded claim for intentional infliction of emotional distress against Defendant Kaplan-Siekman, Plaintiffs point to paragraph 81, 104, 109, 122, 136, and 137 of their Second Amended Complaint. [Doc. 168 p. 21 ln. 1–4] The cited paragraphs allege that: (1) restrictions on Ahmet Kahraman were reduced while those on Ms. Kahraman were maintained; (2) "DCS Bell and Temple and SWHD" ignored a "positive report" and did not lift restrictions; (3) Ms. Kahraman admitted she "regretted" being "misguided;" (4) Defendant Kaplan-Siekman ignored "positive reports" of SWHD; (5) that after Ahmet Kahraman "condemn[ed]" Ms. Kahraman, an SWHD employee started making more negative reports regarding Ms. Kahraman; (6) "Defendants Bell, Temple, Kaplan-Siekman, and Gwyneth Kelly" failed to renew visit authorizations, cancelled visits, unreasonably restricted time to discuss goals, and required Ms. Kahraman to accept responsibility for neglecting her children. [*See* Doc. 74 ¶¶ 81, 104, 109, 122, 136, 137] Few

of these allegations are specific and most can be summarized as allegedly refusing to lift restrictions fast enough and refusing to alter the dependency based on supposedly positive reports. Incidentally, at least some of these allegations do not survive *Twombly* and *Iqbal's* plausibility requirements as, by Plaintiffs' own admission and allegations, Defendant Gwyneth Kelly replaced Defendant Kaplan-Siekman and the two could not have possibly taken concerted action. *See, e.g., Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 44, 570 (2007).

More importantly, the well-pleaded allegations against Defendant Kaplan-Siekman cannot be read to rise to the level of conduct "utterly intolerable in a civilized community," that Defendant Kaplan-Siekman herself acted with the intent to cause emotional distress, or that she "recklessly disregarded the near certainty that such distress" would result from her non-egregious conduct. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 596 (Ariz. 1987); *Shepherd v. Costco Wholesale Corp.*, 441 P.3d 989, 994 ¶ 19 (Ariz. Ct. App. 2019) (vacated in part as to ¶¶ 25–35 and a segment of ¶ 38 in *Shepherd v. Costco Wholesale Corp.*, 482 P.3d 390, 397 ¶ 33 (Ariz. 2021)). Defendant Kaplan-Siekman is alleged to have supervised SWHD during part of SWHD's involvement in supervising visitation between Ms. Kahraman and the minor Plaintiffs. In that context, she is alleged to have implemented protocols after an unrelated third-party allegedly accused Ms. Kahraman of having Munchausen's by Proxy. Defendant Kaplan-Siekman is further alleged to have ignored allegedly positive reports from some providers in continuing the same protocols. None of these allegations amount to extreme conduct designed to inflict emotional harm but rather typical conduct in cases of suspected child abuse or neglect.

### V.   Conclusion

Based on the foregoing and on Defendant Kaplan-Siekman's Motion, this Court should dismiss all of Plaintiffs' claims against Defendant Kaplan-Siekman. Furthermore,

Plaintiffs are now on their Second Amended Complaint and should not be permitted yet another opportunity to amend their claims.

DATED this 25<u>th</u> day of September, 2023.

DOYLE HERNANDEZ MILLAM

By /s/ Brandon D. Millam
William H. Doyle
Brandon D. Millam
1313 E. Osborn Road, Suite 220
Phoenix, Arizona 85014
***Attorneys for Defendants Southwest Human Development and Drue Kaplan-Siekman***

**ELECTRONICALLY** transmitted this 25<u>th</u> day of September, 2023, the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

DeeAn Gillespie Strub, Esq.
Sandra T. Daussin, Esq.
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street, Ste. 100
Phoenix, Arizona 85020-5262
dgillespie@gillaw.com
sdaussin@gillaw.com
*Attorneys for Plaintiffs*

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
**MILLS + WOODS LAW PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona 85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

/ / /

/ / /

Amy Wilkins Hoffman, Esq.
**HOFFMAN LEGAL, LLC**
4742 N. 24th Street, Suite 300
Phoenix, Arizona  85016
ahoffman@hoffmanlegalaz.com
*Attorneys for State Defendants*

Robert Grasso, Jr., Esq,
Pari K. Scroggin, Esq.
Pamela L. Judd, Esq.
**GRASSO LAW FIRM, P.C.**
2250 East Germann Road, Suite 10
Chandler, AZ 85286
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
*Attorneys for Defendant Southwest Human Development and Gwynetth Kelly*

/s/ Grace Bisogno