# GRASSO
## —LAW FIRM—

2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
Pamela L. Judd, Bar No. 022109
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
    Attorneys for Defendants Southwest
    Human Development and Gwynetth Kelly

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, an individual; D.K., a minor, through his parent and guardian Jessica Kahraman; and K.K., a minor, through his parent and guardian Jessica Kahraman,<br><br>                                   Plaintiffs,<br><br>     vs.<br><br>The State of Arizona, a governmental entity; Arizona Department of Child Safety ("DCS"), a governmental entity; Sarah Kramer, individually and as an employee with DCS, and John Doe Kramer, her spouse; Sarah Mendez, individually and as an employee with DCS, and John Doe Mendez, her spouse; Madison Bell, individually and as an employee with DCS, and John Doe Bell, her spouse; Mecca Temple, individually and as an employee with DCS, and John Doe Temple, her spouse; Gregory McKay, individually and as an employee with the State of Arizona as the former Director of DCS, and Jane Doe McKay, his spouse; Michael Faust, individually and as an employee with the State of Arizona as the current Director of DCS, and Jane Doe Faust, his spouse; Banner Children's at Desert, formerly Cardon Children Medical Center ("Banner"), an Arizona nonprofit organization; Ryan M. Stewart, M.D., individually and as an employee with Banner, and Jane Doe Stewart, his spouse; Maria | Case No. 2:22-cv-00375-SRB<br><br>**DEFENDANT SOUTHWEST HUMAN DEVELOPMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

1
2
3
4
5
6
7

Chico, individually and as an employee with Banner, and John Doe Chico, her spouse; Southwest Human Development ("SWHD"), an Arizona nonprofit organization, individually and as a service provider for the State of Arizona; Drue Kaplan-Siekman, individually and as an employee with SWHD, and John Doe Siekman, her spouse; Gwyneth Kelly, individually and as an employee with SWHD, and John Kelly, her spouse; Michael Kelly, M.D. an individual, and Jane Doe Kelly, his spouse; John and Jane Does 1-5; and Black Entities 1-5,

8

Defendants.

9      Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Southwest Human

10 Development ("SWHD") hereby moves for judgment on the pleadings on the sole claim

11 asserted in Plaintiffs' Second Amended Complaint ("SAC") (Doc. 74) against SWHD. The

12 only claim asserted against SWHD is Count Fifteen - negligent hiring and training.

13 However, the SAC fails to state any allegations in support of this claim. Therefore, SWHD

14 is entitled to judgment on the pleadings.

15      This motion is supported by the following Memorandum of Points and Authorities,

16 as well as the entire records in this matter. Pursuant to Local Rule 12.1(c), prior to filing

17 this motion undersigned counsel certifies she notified counsel for Plaintiffs of the issues

18 asserted in this motion and the parties were unable to agree that the SAC was curable by a

19 permissible amendment.

20                    **MEMORANDUM OF POINTS AND AUTHORITIES**

21      **I.      Factual background.**

22      In this lawsuit, Plaintiffs Jessica Kahraman ("Mother"), D.K. and K.K. (collectively

23 "Minor Children") assert claims against numerous Defendants related to the removal of the

24 Minor Children from Mother's custody by the Arizona Department of Child Safety

25 ("DCS") and the dependency proceedings that followed. (*See generally* Doc. 74). The

26 Minor Children were removed from Mother's custody by DCS on December 28, 2018.

27 (Doc. 74 at ¶ 71). Defendant Southwest Human Development, Inc. ("SWHD") facilitated

28 and supervised therapeutic visitations between Mother and the Minor Children from

1    February 2019 through November 2020. (Doc. 74 at ¶¶ 18, 76, 79-80). On November 9,

2    2020, the dependency proceedings were terminated, thereby concluding DCS's

3    involvement, as well as the services SWHD provided to Plaintiffs. (Doc. 74 at ¶ 144).

4         The only claim asserted against SWHD is for negligent hiring and training of

5    SWHD "employees, officers, and agents." (Doc. 74 at ¶¶ 283-284). The SAC contains no

6    allegations relating to SWHD's hiring or training processes, much less how any such

7    processes were allegedly deficient. The SAC does not allege how any such elusive

8    deficiencies contributed to the underlying events or any harm to Plaintiffs nor even which

9    employee, officer, or agent of SWHD was allegedly negligently hired or trained.

10        This case has been pending since November 16, 2021. Plaintiffs have filed two

11   amended complaints, yet Plaintiffs still fail to include any allegations to support a negligent

12   hiring or training claim against SWHD.

13        **II.    SWHD is entitled to judgment on the pleadings.**

14        Federal Rule of Civil Procedure 8(a)(2) requires a complaint to state "a short and

15   plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's

16   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

17   labels and conclusions, and a formulaic recitation of the elements of a cause of action will

18   not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "[f]actual

19   allegations must be enough to raise a right to relief above the speculative level." *Id.*

20        Here, the SAC fails to state <u>*any*</u> facts or allegations in support of Plaintiffs' claim

21   that SWHD was negligent in its hiring or training processes. The SAC contains no

22   allegations relating to SWHD's hiring or training processes, any purported deficiencies

23   with such processes, how any purported hiring or training deficiencies contributed to the

24   underlying events or any harm to Plaintiffs nor even which employee, officer, or agent of

25   SWHD was allegedly negligently hired or trained. Quite simply, Plaintiffs utterly fail to

26   satisfy Rule 8 pleading requirements to provide SWHD "fair notice" of the claim asserted

27   against it.

28   //

**III.     Conclusion.**

Based on Plaintiffs' failure to state any allegations in support of their negligent hiring and training claim against SWHD (Count Fifteen), judgment on the pleadings must be entered in favor of SWHD. Since this is the only claim asserted against SWHD, SWHD must be dismissed as a defendant in this case.

RESPECTFULLY SUBMITTED this 15th day of November 2023.

**GRASSO LAW FIRM, P.C.**

By     /s/ Pamela L. Judd
       Robert Grasso, Jr.
       Pari K. Scroggin
       Pamela L. Judd
       2250 East Germann Road, Suite 10
       Chandler, Arizona 85286
           Attorneys for Defendants Southwest Human
           Development and Gwynetth Kelly