Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
Mills + Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480-999-4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, *et al.*,<br><br>                              Plaintiffs<br><br>            v.<br><br>The State of Arizona, *et al.*,<br><br>                              Defendants. | Case No.: CV-22-00375-PHX-SRB<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT SOUTHWEST HUMAN DEVELOPMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Hon. Susan R. Bolton) |

        Plaintiffs, by and through their counsel, hereby respond in opposition to Defendant Southwest Human Development's Motion for Judgment on the Pleadings (Doc. 189) in the above referenced matter. The following Memorandum of Points and Authorities demonstrates why the motion must be denied.

1

## MEMORANDUM OF POINTS AND AUTHORITES

2

### I.   INTRODUCTION

3

Jessica Kahraman, D.K., and K.K., (collectively, "Plaintiffs") assert the following

4

state law claims in the Second Amended Complaint ("SAC") against Defendant Southwest

5

Human Development ("SWHD"): **Claim 15** (Negligence). Defendant moves for judgment

6

on the pleadings arguing that the SAC fails to state any allegations in support of the

7

negligence claim.

8

### II.   FACTUAL BACKGROUND

9

Jessica Kahraman is the mother of D.K. and K.K., twin boys born in 2012; Ahmet

10

Kahraman is their father. SAC ¶ 27. The Arizona Department of Child Safety ("DCS")

11

removed D.K. and K.K. from their parents' care on or about December 28, 2018, based on

12

false allegations of Munchausen syndrome by proxy ("MSBP") despite overwhelming

13

evidence to the contrary. *Id.* ¶¶ 12, 61, 153, 156, 271.  D.K. and K.K. suffered from chronic

14

health issues and none of their healthcare providers, all of whom were mandatory reporters,

15

had ever raised concerns of neglect, abuse, or MSBP. *Id.* ¶¶ 32, 52, 53, 58.

16

After the unlawful seizure, DCS immediately prohibited Jessica from seeing her

17

children, and subsequently restricted her visits and other interactions with them through

18

SWHD at the direction of its employees. *Id.* ¶¶ 79-80. Defendant, acting at the behest of

19

DCS, implemented an MSBP protocol for Jessica's contact with her boys even though she

20

was never diagnosed with MSBP. *Id.* ¶ 80. The information available to Defendant at that

21

time did not substantiate the use of this protocol. *Id.* Defendant, by and through its agents,

22

ignored a positive report by psychologist Mary Oakley, Ph.D., CMPC, and refused to lift

23

the MSBP protocol. *Id.* ¶¶ 90-93. Defendant also ignored a positive second report by Dr.

24

Oakley and refused to lift the restrictions on Jessica's visits with her boys at SWHD. *Id.* ¶¶

25

101-104. Eli H. Newberger, M.D., a leading authority on Munchausen Syndrome, also

26

provided a positive report for Jessica, which was also ignored by Defendant and it agents

27

whom failed to lift the restrictions on Jessica's visits. *Id.* ¶¶ 105-114. Ann Shroeckenstein,

28

Psy.D., issued a report indicating that there were no concerns regarding Jessica's ability to

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

parent. However, Defendant and its agents refused to recommend that Jessica be restored to full visitation rights with her boys. *Id.* ¶¶ 115-116, 119. Defendant's records clearly indicated that Jessica consistently visited her children and there were no concerns raised about her parenting ability or mealtime conduct during those visits. *Id.* ¶ 121. However, Defendant's agents ignored these positive reports and insisted that Jessica remain on the highly restricted supervised visitation with MSBP protocol. *Id.* ¶ 122. Defendant's agents transitioned Ahmet to parent coordinator and removed the restrictions of MSBP even though they had recorded that Ahmet had not met his treatment goals. *Id.* ¶ 135. Defendant's agents went to great lengths to keep Jessica from seeing her children. *Id.* 137. Defendant's involvement continued until termination of the dependency proceeding in November 2020. As a direct result of Defendant's failures, Plaintiff has alleged in **Claim 15** negligence against Defendant. *Id.* ¶¶ 282-286.

### III. <u>STANDARD FOR REVIEW</u>

The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss. *United States ex rel. Caffaso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011); *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). When deciding a Rule 12(c) motion, the Court does not decide factual issues and must construe the factual allegations in the SAC in the light most favorable to Plaintiffs. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); *Hal Roach Studios, Inc. v. Richmond Feiner & Co., Inc.*, 869 F.2d 1542, 1550 (9th Cir. 1989) (allegations of the nonmoving party are accepted as true). Then, judgment on the pleadings is properly granted only if it does not contain enough factual allegations to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend. *Cagle v. C&S Wholesale Grocers Inc.*, 505 B.R. 534, 538 (E.D. Cal. 2014).

A Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties. 5C Charles Alan Wright & Arthur R.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Miller, Federal Practice & Procedure § 1367 (3d ed. 2004) at 206-07 (footnotes omitted). "A motion for judgment on the pleadings is only proper when all the material allegations of fact, as contained in the pleadings, are not at issue, leaving only questions of law to be decided." *Id.* at 207-08. "If the pleadings do not resolve all of the factual issues in the case, a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion." *Id.* at 216. "Although the [Rule 12(c)] motion may be helpful in disposing of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further, …, hasty or imprudent use of this summary procedure by the court violates the policy of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *Id.* § 1368 at 222-23.

## IV.    ANALYSIS

### A.    Defendant's Claim that Plaintiffs' Failed to Comply with Fed. R. Civ. P. 8 is Meritless

Rule 8(a)(2) provides: "[a] pleading that states a claim for relief must contain…a short plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2).  Under well-established federal law, "the federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S 41, 47, 78 S.Ct. 99, 102-10, 2 L.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) *rev'd on other grounds*, 682 Fed. Appx. 30. "[A] well-pleaded complaint my proceed even it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.  Plaintiffs' SAC contains sufficient factual content "to raise a reasonable expectation that discovery will reveal evidence" for their claim. *Twombly*, 550 U.S. at 556.

Defendant argues that SAC fails to state any fact or allegation to support Plaintiffs' claim that Defendant was negligent and that Plaintiffs utterly fail to satisfy Rule 8 pleading requirement to provide Defendant "fair notice" of the claim asserted. *See* Mot. at 3:20-27.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Plaintiffs, in fact, alleged specific wrongful conduct by Defendant and/or its agents. *See* §
II, Factual Background, *supra*; *see also, e.g.,* SAC ¶¶ 80, 90-93, 101-116, 119, 121-22,
135, 137.  Defendant's argument fails as fully discussed below.

      **B.**      **Plaintiffs Alleged Specific Wrongful Conduct Supporting the Plausibility of Claim 15**

      Defendant makes the disingenuous claim the Plaintiffs' negligence claim (**Claim
15**) does not comply with Fed. R. Civ. P. 8 because the SAC fails to state *any* facts or
allegations to support Plaintiffs' claim that Defendant was negligent in its hiring and
training process. According to Defendant, the SAC contains no allegations relating to
Defendant's hiring or training process, any purported deficiencies with such process, how
any purported hiring or training deficiencies contributed to the underlying event or any to
Plaintiffs nor even which employee, officer, or agent of Defendant was allegedly hired or
trained.  *See* Mot. at 3:20-27.

      Plaintiffs, in fact, alleged specific wrongful conduct by Defendant and/or its agents.
*See* § II, Factual Background, *supra*; *see also, e.g.*, SAC ¶¶ 80, 90-93, 101-116, 119, 120-
122, 135, 137.  In addition, SAC ¶¶ 203-225, 223-224, 238-242, 247-250, 252, 254, 270,
273-275 set forth the specific allegations against Defendant's employees and their actions
which harmed Plaintiff. It is a reasonable inference that adequate training, supervision, or
the hiring of appropriately experienced persons would have avoided those harmful actions
or failures to act. **Claim 15** put the reader on notice of what it asserts: "Defendant SWHD
is liable to Plaintiffs, and each of them, for the negligence exercised by Defendant
employees or agents of SWHD in carrying out their duties." *Id.* 53:27-54:2. The **Claim 15**
then begins with a commonly utilized pleading technique, one which reduces redundancy:
"Plaintiffs' re-allege and incorporate by reference each and every allegation set forth in the
paragraphs above." *Id.* ¶ 282. Thus, it is clear to any reasonable reader that in **Claim 15**,
Plaintiffs are alleging that Defendant SWHD owed a duty to Plaintiffs that their employees
and agents were qualified to serve in their respective roles before hiring and assigning them
to those roles, that SWHD ensured they possessed the skill and knowledge to perform their

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

assigned job tasks, and further that SWHD properly trained them before assigning them such important work. *Id.* ¶¶ 283-284. Gwyneth Kelly and Drue Kaplan-Seikman are identified as Defendant's employees within the SAC so that the particular SWHD agents involved is not a mystery. *Id.* ¶ 79. Moreover, only discovery can reveal the deficiencies in the qualifications and training of Defendant's employees, officers, and agents since that material is uniquely in the sole control, custody, and possession of SWHD. There is a "reasonable expectation that discovery will reveal [this] evidence." *Twombly*, 550 U.S. at 556  Thus, Defendant's assertion that Plaintiffs have failed to comply with Fed. R. Civ. P. 8 to put them on "fair notice" has no merit and Defendant's motion should be denied.

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, Defendant's motions must be denied. Here, Plaintiffs have pled sufficient facts, and are entitled to reasonable inferences from those allegations, to allow the matter to go forward through discovery and ultimately allow for a jury to determine if Defendant is liable as claimed in the SAC. If the Court grants the motion, Plaintiffs should be given the opportunity to amend.

**RESPECTFULLY SUBMITTED** this <u>29th</u> day of November 2023.

**MILLS + WOODS LAW PLLC**

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014

**GILLESPIE, SHIELDS & TAYLOR**

By    */s/ Jenny D. Jansch*
DeeAn Gillespie Strub
Jenny D. Jansch
7319 North 16th Street
Phoenix, AZ 85020
*Attorneys for Plaintiffs*

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

_/s/     Michelle Feltes_

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556