**GRASSO**
—Law Firm—

2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
Pamela L. Judd, Bar No. 022109
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
   Attorneys for Defendant Southwest
   Human Development

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, an individual; D.K., a minor, through his parent and guardian Jessica Kahraman; and K.K., a minor, through his parent and guardian Jessica Kahraman,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>The State of Arizona, a governmental entity; Arizona Department of Child Safety ("DCS"), a governmental entity; Sarah Kramer, individually and as an employee with DCS, and John Doe Kramer, her spouse; Sarah Mendez, individually and as an employee with DCS, and John Doe Mendez, her spouse; Madison Bell, individually and as an employee with DCS, and John Doe Bell, her spouse; Mecca Temple, individually and as an employee with DCS, and John Doe Temple, her spouse; Gregory McKay, individually and as an employee with the State of Arizona as the former Director of DCS, and Jane Doe McKay, his spouse; Michael Faust, individually and as an employee with the State of Arizona as the current Director of DCS, and Jane Doe Faust, his spouse; Banner Children's at Desert, formerly Cardon Children Medical Center ("Banner"), an Arizona nonprofit organization; Ryan M. Stewart, M.D., individually and as an employee with Banner, and Jane Doe Stewart, his spouse; Maria | Case No. 2:22-cv-00375-SRB<br><br>**DEFENDANT SOUTHWEST HUMAN DEVELOPMENT'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

Chico, individually and as an employee with Banner, and John Doe Chico, her spouse; Southwest Human Development ("SWHD"), an Arizona nonprofit organization, individually and as a service provider for the State of Arizona; Drue Kaplan-Siekman, individually and as an employee with SWHD, and John Doe Siekman, her spouse; Gwyneth Kelly, individually and as an employee with SWHD, and John Kelly, her spouse; Michael Kelly, M.D. an individual, and Jane Doe Kelly, his spouse; John and Jane Does 1-5; and Black Entities 1-5,

                                                      Defendants.

Defendant Southwest Human Development ("SWHD") hereby submits its Reply in Support of its Motion for Judgment on the Pleadings ("Motion") with respect to the only claim asserted against SWHD in Plaintiffs' Second Amended Complaint ("SAC") (Doc. 74). Plaintiffs' Response in Opposition to the Motion ("Response") fails to demonstrate the viability of this claim based on the allegations asserted in the SAC. Therefore, SWHD's Motion must be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

As Plaintiffs acknowledge in their Response, the sole claim asserted against SWHD is for negligent hiring and training (Claim Fifteen). Plaintiffs argue in opposition to SWHD's Motion that they pled sufficient allegations to support this claim based on allegations regarding the manner in which supervised visitations were carried out at SWHD. Plaintiffs' argument fails.

**I.    Plaintiffs fail to plead sufficient allegations to support a negligent hiring or training claim.**

As this Court already set forth in ruling on motions for judgment on the pleadings filed by two SWHD employees (Gwynetth Kelly and Drue Kaplan-Siekmann) who were former defendants in this matter,

> … "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572

> F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

(Doc. 188 at 3:22-28). And the Court found Plaintiffs failed to state viable claims against two SWHD employees, granted the employees' motions for judgment on the pleadings and dismissed them as defendants (Doc. 188 at 9:8-17). No SWHD employee remains a defendant in this matter.

Just as the allegations against the SWHD employees were insufficient to state a viable claim, so too are the allegations against SWHD. To be clear, the only mention in the SAC (Doc. 74) of hiring or training with respect to the claim against SWHD is the following:

> 283. Defendant SWHD owed a duty to Plaintiffs to ensure that the employees, officers, and agents of SWHD were qualified to serve in their respective roles before hiring and assigning them to act as professionals for SWHD.
>
> 284. Defendant SWHD also owed a duty to Plaintiffs to ensure that the employees, officers, and agents of SWHD were properly trained and possessed the skill and knowledge to perform their assigned job tasks in a competent manner.
>
> 285. As set forth above, Defendant SWHD operated with negligence and breached these duties.

Plaintiffs argue in their Response, "[i]t is a reasonable inference that adequate training, supervision, or the hiring of appropriately experienced persons would have avoided" the aspects of the visitations of which Plaintiffs complain. (Response (Doc. 190) at 5:18-20). Plaintiffs fail to allege how or why they believe their concerns with the visitations were the result of any hiring or training deficiency on the part of SWHD. Plaintiffs never mention any SWHD hiring or training practices in the SAC, much less the credentials, qualifications, or training (or lack thereof) of any SWHD employee. They fail to even conclusory allege a deficiency in a hiring or training process on the part of SWHD, how any such deficiency caused any alleged injuries or how any different hiring or training practices could have avoided any purported injuries Plaintiffs attribute to SWHD. Plaintiffs

simply fail to state any allegations that suggest any discovery would support a negligent hiring or training claim against SWHD.

## II. The suggestion that "discovery will reveal" evidence is insufficient to avoid dismissal.

Plaintiffs argue "only discovery can reveal the deficiencies in the qualifications and training of Defendant's employees, officers, and agents" in an effort to overcome the deficiencies in their SAC. (Response (Doc. 190) at 6:4-6). This argument demonstrates the fallacy of Plaintiffs' claim against SWHD -- Plaintiffs are unable to articulate how they contend the hiring or training of any SWHD employee was deficient.

This case has been pending for over two years. Plaintiffs filed two Amended Complaints and the parties have exchanged numerous disclosure statements, including expert witness disclosures. Yet Plaintiffs are still unable to articulate any basis for their negligent hiring and training claim against SWHD. Plaintiffs' claim is a fishing expedition at best, if not knowingly futile.

In response to another defendant's motion to dismiss, the Court previously found Plaintiffs' reliance on an argument that "discovery will reveal" negligent training or hiring practices insufficient to overcome a Rule 12 motion. (Doc. 145 at 14:13-16). The same is true with respect to SWHD. Plaintiffs' hope to discover information to support their insufficiently pled and unsubstantiated claim, is not a proper basis to sustain this claim.

## III. Plaintiffs fail to state a claim against SWHD based on its employees' conduct.

Plaintiffs contend "**Claim 15** [the sole claim against SWHD] put the reader on notice of what it asserts: 'Defendant SWHD is liable to Plaintiffs, and each of them, for the negligence exercised by Defendant employees or agents of SWHD in carrying out their duties.'" (Response (Doc. 190) at 5:20-22). This language quoted by Plaintiffs does not appear in the SAC. Additionally, this argument does not support a negligent hiring and training claim but argues a vicarious liability theory, which was not pled in the SAC. Furthermore, it is unclear how Plaintiffs content these allegations are sufficient to hold

SWHD vicariously liable when the underlying negligence claims against the SWHD employees failed on the merits based on the allegations in the SAC.

Specifically with regard to a negligent hiring or training claim, "[i]n order for the employer to be held liable for negligent hiring, retention or supervision, the employee must have committed a tort. Thus, the employer is not negligent in hiring or retaining the employee as a matter of law if the theory of the employee's underlying negligence fails." *Mulhern v. City of Scottsdale*, 165 Ariz. 395, 398, 799 P.2d 15, 18 (Ct. App. 1990) (internal citations omitted). Here, all SWHD employees were dismissed based on the insufficiency of the claims, including negligence claims, Plaintiffs attempted to assert against them. Because the negligence claims against the SWHD employees failed on their merits, SWHD cannot be liable for the negligent hiring or training of these employees.

## IV.    Conclusion

SWHD is entitled to judgment on the pleading based on Plaintiffs' failure to sufficiently allege a negligent hiring or training claim in the SAC. Because this is the only claim asserted against SWHD, SWHD must be dismissed from this action.

RESPECTFULLY SUBMITTED this 6th day of December 2023.

**GRASSO LAW FIRM, P.C.**

By   /s/ Pamela L. Judd
Robert Grasso, Jr.
Pari K. Scroggin
Pamela L. Judd
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
   Attorneys for Defendant Southwest
   Human Development