**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Kahraman, et al., | No. CV-22-00375-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court is Defendant Southwest Human Development's ("SWHD") Motion for Judgment on the Pleadings. (Doc. 189, ("Mot.").) The Court will grant the Motion.

I.     **BACKGROUND**

A.     **Factual Background**

The facts of this case are set out in the Court's previous order. (*See* Doc. 145, 04/26/2023 Order.) This case arises out of the Arizona Department of Child Safety's ("DCS") removal of brothers D.K. and K.K. ("Boys") from their parents, Ms. Kahraman[1] and her former husband Ahmet Kahraman. (*See* Doc. 74, Second Am. Compl. ("SAC") ¶¶ 70–71.) The Boys experienced various health complications throughout their early childhood and Ms. Kahraman was eventually suspected of having Munchausen Syndrome by Proxy. (*Id.* ¶¶ 32–48, 51–52, 54.) DCS opened an investigation into the Kahramans and removed the Boys from their parents' care on December 28, 2018. (*Id.* ¶¶ 59, 63, 71.)

---

[1] Ms. Kahraman brings this suit individually and on behalf of D.K. and K.K.

SWHD and its employees were involved in Ms. Kahraman's supervised visits with the Boys while the Boys were in DCS custody. (*Id.* ¶¶ 76, 79–81, 121, 144.)

       **B.**    **Procedural Background**

Plaintiffs filed their original Complaint on November 16, 2021 in Maricopa County Superior Court. (*See* Doc. 1-3, Ex. A, Compl.) This action was removed to this Court on March 10, 2022 and Plaintiffs filed an Amended Complaint. (Doc. 1, Not. of Removal; Doc. 17, First Am. Compl.) On September 28, 2022, the Court dismissed Plaintiffs' Amended Complaint for failing to comply with Rule 8 pleading standards. (Doc. 72, 09/28/2022 Order.)

Plaintiffs filed a Second Amended Complaint ("SAC") on October 12, 2022. (*See* SAC.) The Court granted in part and denied in part some defendants' motions to dismiss the SAC. (*See* 04/26/2023 Order.) On November 3, 2023, the Court granted Defendants Gwyneth Kelly and Drue Kaplan-Siekman's motions for judgment on the pleadings. (Doc. 188, 11/03/2023 Order.) Kelly and Kaplan-Siekman were employees of SWHD and involved in Ms. Kahraman's supervised visits while the Boys were in DCS's custody. (*See id.*) The Court dismissed the claims against Kelly and Kaplan-Siekman because Plaintiffs failed to (1) plausibly allege Kelly or Kaplan-Siekman were state actors for purposes of § 1983 claims; (2) state a negligence claim against Kelly or Kaplan-Siekman; and (3) state an intentional infliction of emotional distress claim against Kelly or Kaplan-Siekman. (*See generally id.*)

SWHD filed the Motion on November 15, 2023. (*See* Mot.) Plaintiffs filed their Response on November 29, 2023, to which SWHD replied. (Doc. 190, ("Resp."); Doc. 191, Reply.)

## II.    LEGAL STANDARD & ANALYSIS

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (internal quotation marks omitted). The standard that applies to motions for judgment on the pleadings made under Federal Rule

of Civil Procedure 12(c) is the same standard that governs motions to dismiss made under Rule 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). In determining whether an asserted claim can be sustained, "[a]ll of the facts alleged in the complaint are presumed true, and the pleadings are construed in the light most favorable to the nonmoving party." *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, the complaint must contain enough factual content "to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556.

Plaintiffs bring one claim against SWHD for the negligent hiring and training of "employees, officers, and agents." (SAC ¶¶ 282–286.) SWHD asserts that Plaintiffs' SAC does not satisfy Rule 8 because it fails to allege any facts with sufficient specificity in support of Plaintiffs' negligent hiring and training claim. (Mot. at 3.) In opposition to SWHD's Motion, Plaintiffs contend that the SAC adequately alleges the specific conduct underlying their negligence claim. (Resp. at 4–5.) Rule 8 requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. This gives the defendant "fair notice of what the . . . claim is and the ground upon which it rests. *Id.* at 555 (citation omitted).

"An employer is liable for the tortious conduct of its employee if the employer was

negligent or reckless in hiring, supervising, or otherwise training the employee." *Leibel v. City of Buckeye*, 556 F. Supp. 3d 1042, 1079 (D. Ariz. 2021) (citation omitted). "Arizona follows the Restatement (Second) of Agency § 213" for these claims. *Id.* (quoting *Krieg v. Schwartz*, No. cv-00710-PHX-DLR, 2015 WL 12669893, at *9 (D. Ariz. Aug. 19, 2015)). "For an employer to be held liable for the negligent hiring, retention, or supervision of an employee, a court must first find that the employee committed a tort." *Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004) (citing *Mulhern v. City of Scottsdale*, 799 P.2d 15, 18 (Ariz. Ct. App. 1990)). An employer is not negligent as a matter of law if the plaintiff's "theory of the employee's underlying tort fails." *Id.* In support of their negligence claim against SWHD, Plaintiffs cite to allegations in the SAC that the Court determined were insufficient to state claims against Kelly or Kaplan-Siekman.[2] (*Compare* Resp. at 5 (citing SAC ¶¶ 80, 203–25, 238–42, 247–50, 252, 254, 270, 273–75), *with* 11/03/2023 Order at 6–9.) Because the Court ruled that Plaintiffs failed to state an underlying tort claim against Kelly or Kaplan-Siekman, Plaintiffs' negligence claim against SWHD fails as a matter of law. *See Kuehn*, 91 P.3d at 352.

Furthermore, Plaintiffs fail to provide a "short and plain statement" of Plaintiffs' entitlement to relief, because nowhere in the SAC do Plaintiffs allege any other facts regarding SWHD's hiring, supervision, or training procedures. Fed. R. Civ. P. 8(a)(2). Plaintiffs contend that it is reasonable to infer that "adequate training, supervision, or . . . hiring" of staff would have prevented Plaintiffs from suffering harm. (Resp. at 5.) But Plaintiffs' complaint offers only "'naked assertion[s]' devoid of 'further factual enhancement," which do not enable "the court to infer more than the mere possibility of [SWHD's] misconduct." *Iqbal*, 556 U.S. at 678, 679 (first quoting *Twombly*, 550 U.S. at 557); *see Petty v. Arizona*, No. cv-15-01338-PHX-DLR, 2016 WL 4095835, at *2 (D. Ariz. Aug. 2, 2016) (dismissing negligent training and supervision claim where complaint lacked

---

[2] Plaintiffs fail to explain how several of their cited allegations in the SAC relate at all to Plaintiffs' negligent hiring, supervision, and training claim against SWHD. (*See* Resp. at 5 (citing SAC ¶¶ 90–93 (alleging DCS ignored positive reports from a psychologist hired by DCS)); *id.* (citing SAC ¶¶ 101–16 (alleging generally that SWHD "ignored" positive reports)); *id.* (citing SAC ¶¶ 120–22 (alleging DCS employees ignored SWHD records)).)

any allegations "that identify what training ADOC employees received, how such training was deficient, which employees took actions that were the result of negligent training, or how the deficient training led to Lee's death").

The Court dismisses Plaintiffs' negligence claim against SWHD.

## III.   CONCLUSION

The Court dismisses Plaintiffs' negligent hiring, supervision, and training claim against Defendant Southwest Human Development because Plaintiffs failed to state an underlying tort claim against Southwest Human Development's employees and because Plaintiffs failed to provide a short and plain statement showing Plaintiffs are entitled to relief.

**IT IS ORDERED** granting Southwest Human Development's Motion for Judgment on the Pleadings (Doc. 189).

**IT IS FURTHER ORDERED** dismissing Defendant Southwest Human Development from this lawsuit.

Dated this 26th day of March, 2024.


_____
Susan R. Bolton
United States District Judge

- 5 -