**GRASSO**
—Law Firm—

2250 East Germann Road, Suite 10
Chandler, Arizona 85286
(480) 739-1200

Robert Grasso, Jr., Bar No. 015087
Pari K. Scroggin, Bar No. 015288
Pamela L. Judd, Bar No. 022109
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
   Attorneys for Defendants Southwest
   Human Development and Gwynetth Kelly

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, an individual; D.K., a minor, through his parent and guardian Jessica Kahraman; and K.K., a minor, through his parent and guardian Jessica Kahraman,<br><br>                              Plaintiffs,<br><br>   vs.<br><br>The State of Arizona, a governmental entity; Arizona Department of Child Safety ("DCS"), a governmental entity; Sarah Kramer, individually and as an employee with DCS, and John Doe Kramer, her spouse; Sarah Mendez, individually and as an employee with DCS, and John Doe Mendez, her spouse; Madison Bell, individually and as an employee with DCS, and John Doe Bell, her spouse; Mecca Temple, individually and as an employee with DCS, and John Doe Temple, her spouse; Gregory McKay, individually and as an employee with the State of Arizona as the former Director of DCS, and Jane Doe McKay, his spouse; Michael Faust, individually and as an employee with the State of Arizona as the current Director of DCS, and Jane Doe Faust, his spouse; Banner Children's at Desert, formerly Cardon Children Medical Center ("Banner"), an Arizona nonprofit organization; Ryan M. Stewart, M.D., individually and as an employee | Case No. 2:22-cv-00375-SRB<br><br>**DEFENDANTS SOUTHWEST HUMAN DEVELOPMENT AND GWYNETTH KELLY'S RULE 54(b) REQUEST FOR ENTRY OF JUDGMENT** |

with Banner, and Jane Doe Stewart, his spouse; Maria Chico, individually and as an employee with Banner, and John Doe Chico, her spouse; Southwest Human Development ("SWHD"), an Arizona nonprofit organization, individually and as a service provider for the State of Arizona; Drue Kaplan-Siekman, individually and as an employee with SWHD, and John Doe Siekman, her spouse; Gwyneth Kelly, individually and as an employee with SWHD, and John Kelly, her spouse; Michael Kelly, M.D. an individual, and Jane Doe Kelly, his spouse; John and Jane Does 1-5; and Black Entities 1-5,

Defendants.

Defendants Southwest Human Development ("SWHD") and Gwynetth Kelly ("Kelly") (Collectively "Defendants"), by and through undersigned counsel, hereby request that the Court enter final judgment in their favor against Plaintiffs Jessica Kahraman, D.K., and K.K. on Plaintiffs' Claim Two (42 U.S.C. § 1983 - Unlawful Detention); Claim Four (42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure); Claim Five (42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family); Claim Six (42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions); Claim Eight (Negligence/Legal Rights); Claim Nine (Negligence/Reasonable Efforts) and Claim Thirteen (Intentional Infliction of Emotional Distress) against Kelly and Claim Fifteen (Negligence – hiring and training) against SWHD, in the proposed form attached hereto, pursuant to Fed. R. Civ. P. 54(b) as the Court granted these Defendants judgment on the pleadings dismissing those specific claims against them, which disposes of all claims against these Defendants, and there is no just reason for delay of entry of final judgment on their behalf as to these specific claims. This Request is supported by the accompanying Memorandum of Points and Authorities which is incorporated herein by reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     Relevant Procedural Background**

Plaintiffs filed their Complaint in this matter on November 16, 2021 in Maricopa County Superior Court against SWHD, Kelly (an employee of SWHD at the time of

relevant events), the State of Arizona, Arizona Department of Child Safety ("DCS"), Banner Children's Medical Center and a number of employees of the foregoing entities. This matter involves claims related to DCS's removal of minor Plaintiffs D.K. and K.K. from their parents, including their mother Plaintiff Jessica Kahraman. [Doc. 188 at 1:22-24.] SWHD and its employee Kelly were involved with supervised visits between the minor Plaintiffs and their mother, Ms. Kahraman while the minor Plaintiffs were in DCS custody. [Doc. 202 at 2:1-2.]

The State of Arizona, DCS and their employees (collectively "State Defendants") removed this action to this Court on March 10, 2022. [Doc. 1.] Plaintiffs filed their First Amended Complaint on May 23, 2022. [Doc. 17.] SWHD, Defendant Drue Kaplan-Seikmann (a SWHD employee during the underlying events represented by separate counsel who has also been dismissed); and the Banner Defendants filed a Motion for More Definite Statement and to Strike Redundant, Immaterial and Impertinent Matter from the First Amended Complaint ("Motion to Strike") on June 6, 2022. [Doc. 20.] The State Defendants moved to dismiss Plaintiffs' First Amended Complaint on June 6, 2022. [Doc. 21.] The State Defendants also joined in the Motion to Strike. [Doc. 22.] On July 22, 2022, Plaintiffs filed a Motion for Leave to Amend the First Amended Complaint. [Doc. 30.] Plaintiffs filed Responses to the Motion to Strike and the State Defendants' Motion to Dismiss on August 10, 2022. [Docs. 32, 33.] The following day, on August 11, 2022, Plaintiffs filed a Second Motion for Leave to Amend the First Amended Complaint. [Doc. 36.] On September 28, 2022, the Court dismissed Plaintiffs' First Amended Complaint based on Plaintiffs' failure to comply with Rule 8. [Doc. 72.] With leave of the Court, Plaintiffs filed their Second Amended Complaint on October 12, 2022. [Docs. 72, 74.]

In the 56 page, 285 paragraph Second Amended Complaint, Plaintiffs assert fifteen causes of action against the various defendants, including claims for 42 U.S.C. § 1983 - Unlawful Detention (Claim Two); 42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure (Claim Four); 42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family (Claim Five); 42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions (Claim Six); Negligence/Ariz.

Rev. Stat. § 8-802 Legal Rights (Claim Eight); Negligence/Ariz. Rev. Stat. § 8-533(B)(8) Reasonable Efforts and Ariz. Rev. Stat. § 8-456(C)(1) Investigation (Claim Nine); and Intentional Infliction of Emotional Distress ("IIED") (Claim Thirteen) against Kelly and Negligence – hiring and training (Claim Fifteen) against SWHD.  Kelly and SWHD filed Answers to the Second Amended Complaint.  [Docs. 88, 105, 115, 117.]  Many other defendants filed Motions to Dismiss that were granted in part and whittled down Plaintiffs' claims.  [Docs. 89, 92, 99, 145, 172.]

On August 25, 2023, Kelly filed a Motion for Judgment on the Pleadings on all claims asserted against her.  [Doc. 153.]  After being fully briefed, on November 3, 2023, the Court granted Kelly's Motion for Judgment on the Pleadings and dismissed Kelly as a Defendant.  [Doc. 188.]  In its thorough analysis, the Court determine Plaintiffs' allegations failed to plausibly allege Kelly was acting under the color of law as required for Plaintiffs' Section 1983 claims (Claims Two, Four, Five and Six) and also that Plaintiffs' allegations were insufficient to plausibly allege a conspiracy (Claim Four).  [Doc. 188 at 4:1-6:10.] The Court also found Kelly did not owe a duty as an agent of DCS because she is not a "child safety worker", did not qualify as an "investigator" to owe a duty under Ariz. Rev. Stat. § 8-456, that Ariz. Rev. Stat. § 8-533(B)(8) did not impose a duty on Kelly because it applies to adoption agencies (which SWHD was not), and that Plaintiffs' failed to state a plausible IIED claim, thereby resolving Plaintiffs' state law claims (Claims Eight, Nine and Thirteen) against Kelly.  [Doc. 188 at 6:11-9:6.]

SWHD filed a Motion for Judgment on the Pleadings on November 15, 2023 on the sole claim – negligent hiring and training, asserted against SWHD.  [Doc. 189.]  After being fully briefed, on March 26, 2024, the Court granted SWHD's Motion for Judgment on the Pleadings and dismissed SWHD as a Defendant.  [Doc. 202.]  Again, the Court performed a thorough analysis and found Plaintiffs' negligence claim against SWHD failed as a matter of law because they failed to state an underlying tort claim against a SWHD employee and Plaintiffs failed to comply with Federal Rule of Civil Procedure 8(a)(2). [Doc. 202 at 3:18-5:3.]

There are no remaining claims against SWHD or Kelly and each was dismissed as a defendant in this case.

**II.     Argument**

"When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The District Court has wide discretion to determine the appropriate time to enter judgment on partial claims or on behalf of fewer than all parties under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 8 (1980). To make that decision, courts follow a two-step process which includes (1) rendering "an ultimate disposition of an individual claim entered in the course of a multiple claim action"; and (2) determining whether any just reason exists to delay entry of judgment on that adjudicated claim. *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005).

In this case, there has been an "ultimate disposition" of all claims against SWHD and Kelly. as the Court has dismissed all claims against them. [Doc. 188 at 9:8-17, Doc. 202 at 5:6-14.] The second step, determining whether there is any just reason to delay entry of judgment in favor of SWHD and Kelly, requires considering both the interests of sound judicial administration and the equities involved in the case. *Curtiss–Wright*, 446 U.S. at 8. The principle of sound judicial administration requires the court to consider whether the claims for which judgment is sought are legally and factually separable from the remaining claims and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id.*

As demonstrated in the Court's Orders [Docs. 188, 202], all claims against SWHD and Kelly have been resolved in favor of these Defendants. The only remaining claims are certain claims against State Defendants. [Doc. 145 at 16:13-27.] The claims remaining against the State Defendants are legally and factually separable from the dismissed claims against SWHD and Kelly. As evident from the Court's order that dismissed the claims

against Kelly, Kelly was not a State actor to whom the legal basis of Plaintiffs' Section 1983 claims applies. [Doc. 188 at 5:12-6:10, 7:2-4.] And similarly, the Court determined the legal bases of Plaintiffs' negligence claims, which generally relate to DCS's role and duties, do not apply to Kelly. [Doc. 188 at 6:16-7:16.] Quite simply, the law upon which Plaintiffs' claims are based that may apply to the remaining State Defendants, does not apply to Kelly. Furthermore, Kelly's involvement related to supervised visitations at SWHD between the minor Plaintiffs and Plaintiff Jessica Kahraman. Kelly did not become involved until after DCS's removal of the minor Plaintiffs from Plaintiff Ms. Kahraman's custody, was not involved in the removal of the minor Plaintiffs from Plaintiff Ms. Kahraman's custody, was not a DCS employee, and was not a State actor. The factual basis of the dismissed claims against Kelly is different from the factual basis of any remaining claim asserted against the State Defendants. And the sole claim against SWHD was for negligent hiring and training, which is unique and clearly unrelated to any claim asserted against the remaining State Defendants from both a legal and factual standpoint. Any appellate argument related to the dismissed claims against SWHD and Kelly would be unique to the basis for which the claims were dismissed, which would not apply to any remaining claim against a State Defendant.

### III.   Conclusion

By dismissing Plaintiffs' claims against SWHD and Kelly, the Court rendered an ultimate disposition of the Plaintiffs' claims for 42 U.S.C. § 1983 - Unlawful Detention (Claim Two); 42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure (Claim Four); 42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family (Claim Five); 42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions (Claim Six); Negligence/Ariz. Rev. Stat. § 8-802 Legal Rights (Claim Eight); Negligence/Ariz. Rev. Stat. § 8-533(B)(8) Reasonable Efforts and Ariz. Rev. Stat. § 8-456(C)(1) Investigation (Claim Nine); and IIED (Claim Thirteen) against Kelly and Negligence – hiring and training (Claim Fifteen) against SWHD. In its analysis of these dismissed claims, the Court clearly differentiated them from any remaining claim. Entering final judgment in favor of SWHD and Kelly at this time is

appropriate because the claims previously asserted against them are legally and factually separable from the remaining claims and granting this Rule 54(b) request would not result in multiple appellate decisions or duplicate proceedings on the same issues. There is, therefore, no just reason for the Court to delay entry of its final judgment in favor of Defendants SWHD and Gwynetth Kelly and against Plaintiffs pursuant to Rule 54(b), Fed. R. Civ. P., as to Plaintiffs' 42 U.S.C. § 1983 - Unlawful Detention (Claim Two); 42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure (Claim Four); 42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family (Claim Five); 42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions (Claim Six); Negligence/Ariz. Rev. Stat. § 8-802 Legal Rights (Claim Eight); Negligence/Ariz. Rev. Stat. § 8-533(B)(8) Reasonable Efforts and Ariz. Rev. Stat. § 8-456(C)(1) Investigation (Claim Nine); and IIED (Claim Thirteen) claims against Kelly and Negligence – hiring and training (Claim Fifteen) claim against SWHD.

RESPECTFULLY SUBMITTED this 24th day of May, 2024.

**GRASSO LAW FIRM, P.C.**

By  /s/ Pamela L. Judd
Robert Grasso, Jr.
Pari K. Scroggin
Pamela L. Judd
2250 East Germann Road, Suite 10
Chandler, Arizona 85286
Attorneys for Defendants Southwest Human Development and Gwynetth Kelly