**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Kahraman, an individual; D.K., a minor, through his parent and guardian Jessica Kahraman; and K.K., a minor, through his parent and guardian Jessica Kahraman, | Case No. 2:22-cv-00375-SRB |
| Plaintiffs, | **FINAL JUDGMENT** |
| vs. | |
| The State of Arizona, a governmental entity; Arizona Department of Child Safety ("DCS"), a governmental entity; Sarah Kramer, individually and as an employee with DCS, and John Doe Kramer, her spouse; Sarah Mendez, individually and as an employee with DCS, and John Doe Mendez, her spouse; Madison Bell, individually and as an employee with DCS, and John Doe Bell, her spouse; Mecca Temple, individually and as an employee with DCS, and John Doe Temple, her spouse; Gregory McKay, individually and as an employee with the State of Arizona as the former Director of DCS, and Jane Doe McKay, his spouse; Michael Faust, individually and as an employee with the State of Arizona as the current Director of DCS, and Jane Doe Faust, his spouse; Banner Children's at Desert, formerly Cardon Children Medical Center ("Banner"), an Arizona nonprofit organization; Ryan M. Stewart, M.D., individually and as an employee with Banner, and Jane Doe Stewart, his spouse; Maria Chico, individually and as an employee with Banner, and John Doe Chico, her spouse; Southwest Human Development ("SWHD"), an Arizona nonprofit organization, individually and as a service provider for the State of Arizona; Drue Kaplan-Siekman, individually and as an employee with SWHD, and John Doe Siekman, her spouse; Gwyneth Kelly, individually and as an employee with SWHD, and John Kelly, her spouse; Michael Kelly, M.D. an individual, and Jane Doe Kelly, his spouse; John and Jane Does 1-5; and Black Entities 1-5, | |
| Defendants. | |

On November 3, 2023, the Court entered its Order [Doc. 188] granting Defendant Gwynetth Kelly's Motion for Judgment on the Pleadings [Doc. 153] as to Plaintiffs' 42 U.S.C. § 1983 - Unlawful Detention (Claim Two); 42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure (Claim Four); 42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family (Claim Five); 42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions (Claim Six); Negligence/Ariz. Rev. Stat. § 8-802 Legal Rights (Claim Eight); Negligence/Ariz. Rev. Stat. § 8-533(B)(8) Reasonable Efforts and Ariz. Rev. Stat. § 8-456(C)(1) Investigation (Claim Nine); and Intentional Infliction of Emotional Distress (Claim Thirteen) claims against Defendant Gwynetth Kelly and dismissed Gwynetth Kelly as a Defendant.  On March 26, 2024, the Court entered its Order [Doc. 202] granting Defendant Southwest Human Development's Motion for Judgment on the Pleadings [Doc. 189] as to Plaintiffs' Negligent hiring and training (Claim Fifteen) claim against Defendant Southwest Human Development and dismissed Southwest Human Development as a Defendant.  Defendants Southwest Human Development and Gwynetth Kelly filed their Fed. R. Civ. P. 54(b) Request for Entry of Judgment and no party has filed a response in opposition. In consideration of the Defendants' Request for Entry of Judgment, the Court has determined that the Court's Orders granting Defendants' Motions for Judgment of the Pleadings are ultimate dispositions of those claims.  The Court has further determined that there is no just reason for delay of entry of judgment as to those specific counts on behalf of Defendants Gwynetth Kelly and Southwest Human Development, and good cause appearing,

**IT IS ORDERED** that a Final Judgment dismissing with prejudice Plaintiffs' claims against Defendant Gwynetth Kelly for 42 U.S.C. § 1983 - Unlawful Detention (Claim Two); 42 U.S.C. § 1983 – Conspiracy re Unlawful Seizure (Claim Four); 42 U.S.C. § 1983 - Reasonable Efforts to Preserve Family (Claim Five); 42 U.S.C. § 1983 – Due Process re Minors' Medical Decisions (Claim Six); Negligence/Ariz. Rev. Stat. § 8-802

Legal Rights (Claim Eight); Negligence/Ariz. Rev. Stat. § 8-533(B)(8) Reasonable Efforts and Ariz. Rev. Stat. § 8-456(C)(1) Investigation (Claim Nine); and Intentional Infliction of Emotional Distress (Claim Thirteen) is hereby entered in favor of Defendant Gwynetth Kelly, and against Plaintiffs Jessica Kahraman, D.K. and K.K. in this matter and that there is no just reason for delay such that entry of judgment is appropriate at this time in accordance with Fed. R. Civ. P. 54(b);

**IT IS FURTHER ORDERED** that a Final Judgment dismissing with prejudice Plaintiffs' claims against Defendant Southwest Human Development for Negligence (hiring and training) (Claim Fifteen) is hereby entered in favor of Defendant Southwest Human Development, and against Plaintiffs Jessica Kahraman, D.K. and K.K. in this matter and that there is no just reason for delay such that entry of judgment is appropriate at this time in accordance with Fed. R. Civ. P. 54(b).

Dated this 27th day of June, 2024.

_____
Susan R. Bolton
United States District Judge

3