WILLIAM H. DOYLE, ARIZONA BAR NUMBER 007285
BRANDON D. MILLAM, ARIZONA BAR NUMBER 034696
**DOYLE HERNANDEZ MILLAM**
11811 N. TATUM BLVD., SUITE 2900
PHOENIX, ARIZONA 85028
TELEPHONE: (602) 240-6711
FACSIMILE: (602) 240-6951
WDOYLE@DOYLELAWGROUP.COM
BMILLAM@DOYLELAWGROUP.COM
FIRM E-MAIL: ALG@DOYLELAWGROUP.COM

ATTORNEYS FOR DRUE KAPLAN-SIEKMAN

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, et al, | NO. 2:22-cv-00375-SRB |
| Plaintiffs, | |
| vs. | **DEFENDANT DRUE KAPLAN-SIEKMAN'S RULE 54(b) REQUEST FOR ENTRY OF JUDGMENT** |
| State Of Arizona, et al, | |
| Defendants. | |

Defendant Drue Kaplan-Siekman, by and through undersigned counsel, hereby requests that the Court enter final judgment in her favor against Plaintiffs Jessica Kahraman, D.K., and K.K. on Plaintiffs' Claims Two against Kaplan-Siekman, in the proposed form attached hereto, pursuant to Fed. R. Civ. P. 54(b). The Court granted Defendant Drue Kaplan-Siekman's judgment on the pleadings dismissing those claims against her, which disposes of all claims against Defendant Drue Kaplan-Siekman, and thus there is no just reason for delay of entry of final judgment on her behalf as to these specific claims. This Request is supported by the accompanying Memorandum of Points and Authorities which is incorporated herein by reference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Relevant Procedural Background

Plaintiffs filed their Complaint in this matter on November 16, 2021 in Maricopa County Superior Court against Southwest Human Development ("SWHD"), Gwyneth Kelly (an employee of SWHD at the time of relevant events), the State of Arizona, Arizona Department of Child Safety ("DCS"), Banner Children's Medical Center, and a number of employees of the foregoing entities. This matter involves claims related to DCS's removal of minor Plaintiffs D.K. and K.K. from their parents, including their mother Plaintiff Jessica Kahraman. The factual contentions are laid out in the parties' dispositive motion briefing.

The State of Arizona, DCS and their employees (collectively "State Defendants") removed this action to this Court on March 10, 2022. [Doc. 1.] Plaintiffs filed their First Amended Complaint on May 23, 2022. [Doc. 17.] SWHD, Defendant Drue Kaplan-Siekman and Banner Children's Medical Center and its employees (collectively "Banner Defendants") filed a Motion for More Definite Statement and to Strike Redundant, Immaterial and Impertinent Matter from the First Amended Complaint ("Motion to Strike") on June 6, 2022. [Doc. 20.] The State Defendants moved to dismiss Plaintiffs' First Amended Complaint on June 6, 2022. [Doc. 21.] The State Defendants also joined in the Motion to Strike. [Doc. 22.] On July 22, 2022, Plaintiffs filed a Motion for Leave to Amend the First Amended Complaint. [Doc. 30.] Plaintiffs filed Responses to the Motion to Strike and the State Defendants' Motion to Dismiss on August 10, 2022. [Docs. 32, 33.] The following day, on August 11, 2022, Plaintiffs filed a Second Motion for Leave to Amend the First Amended Complaint. [Doc. 36.] On September 28, 2022, the Court dismissed Plaintiffs' First Amended Complaint based on Plaintiffs' failure to comply with Rule 8. [Doc. 72.] With leave of the Court, Plaintiffs filed their Second Amended Complaint on October 12, 2022. [Docs. 72, 74.]

On August 25, 2023, Defendant Drue Kaplan-Siekman filed a Motion for Judgment on the Pleadings on all claims asserted against her. [Doc. 154.] After being fully briefed, on November 3, 2023, the Court granted Defendant Drue Kaplan-Siekman's Motion for Judgment on the Pleadings and dismissed Drue Kaplan-Siekman as a defendant. [Doc. 188.] In its thorough analysis, the Court determined Plaintiffs' allegations failed to plausibly allege Defendant Drue Kaplan-Siekman was acting under the color of law as required for Plaintiffs' Section 1983 claims (Claims Two, Four, Five and Six) and also that Plaintiffs' allegations were insufficient to plausibly allege a conspiracy (Claim Four). [Doc. 188 at 4:1-6:10.] The Court also found Defendant Drue Kaplan-Siekman did not owe a duty as an agent of DCS because she is not a "child safety worker", did not qualify as an "investigator" to owe a duty under Ariz. Rev. Stat. § 8-456, that Ariz. Rev. Stat. § 8-533(B)(8) did not impose a duty on Defendant Drue Kaplan-Siekman because it applies to adoption agencies (which SWHD was not), and that Plaintiffs failed to state a plausible intentional infliction of emotional distress claim, thereby resolving Plaintiffs' state law claims (Claims Eight, Nine and Thirteen) against Defendant Drue Kaplan-Siekman. [Doc. 188 at 6:11-9:6.]

There are no remaining claims against Defendant Due Kaplan-Siekman and she was dismissed as a defendant in this case.

**II.    Argument**

"When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The District Court has wide discretion to determine the appropriate time to enter judgment on partial claims or on behalf of fewer than all parties under Rule 54(b). *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 8 (1980). To make that decision, courts

follow a two-step process which includes (1) rendering "an ultimate disposition of an individual claim entered in the course of a multiple claim action"; and (2) determining whether any just reason exists to delay entry of judgment on that adjudicated claim. *Wood v. GCC Bend*, 422 F.3d 873, 878 (9th Cir. 2005).

In this case, there has been an "ultimate disposition" of all claims against Defendant Drue Kaplan-Siekman as the Court has dismissed all claims against her. [Doc. 188 at 9:8-17, Doc. 202 at 5:6-14.] The second step, determining whether there is any just reason to delay entry of judgment in favor of Defendant Drue Kaplan-Siekman, requires considering both the interests of sound judicial administration and the equities involved in the case. *Curtiss–Wright Corp.*, 446 U.S. at 8. The principle of sound judicial administration requires the court to consider whether the claims for which judgment is sought are legally and factually separable from the remaining claims and whether granting the Rule 54(b) request might result in multiple appellate decisions or duplicate proceedings on the same issues. *Id*.

As demonstrated in the Court's Orders [Docs. 188, 202], all claims against Defendant Drue Kaplan-Siekman have been resolved in favor of Defendant Drue Kaplan-Siekman. The only remaining claims are certain claims against State Defendants. [Doc. 145 at 16:13-27.] The claims remaining against the State Defendants are legally and factually separable from the dismissed claims against Defendant Drue Kaplan-Siekman. Quite simply, the law upon which Plaintiffs' claims are based that may apply to the remaining State Defendants does not apply to Defendant Drue Kaplan-Siekman. The factual basis of the dismissed claims against Defendant Drue Kaplan-Siekman is different from the factual basis of any remaining claim asserted against the State Defendants. Any appellate argument related to the dismissed claims against Defendant Drue Kaplan-Siekman would be unique to the basis for which the claims were dismissed, which would not apply to any remaining claim against a State Defendant.

### III. Conclusion

By dismissing Plaintiffs' claims against Defendant Drue Kaplan-Siekman, the Court rendered an ultimate disposition of Plaintiffs' claims against her. In its analysis of these dismissed claims, the Court clearly differentiated them from any remaining claim. Entering final judgment in favor of Defendant Drue Kaplan-Siekman at this time is appropriate because the claims previously asserted against her are legally and factually separable from the remaining claims and granting this Rule 54(b) request would not result in multiple appellate decisions or duplicate proceedings on the same issues. There is, therefore, no just reason for the Court to delay entry of its final judgment in favor of Defendant Drue Kaplan-Siekman and against Plaintiffs pursuant to Rule 54(b), Fed. R. Civ. P.

RESPECTFULLY this 24th day of July, 2024.

DOYLE HERNANDEZ MILLAM

By /s/ William H, Doyle
William H. Doyle
Brandon D. Millam
11811 N. Tatum Blvd., Suite 2900
Phoenix, Arizona 85028
***Attorneys for Defendants Southwest Human Development and Drue Kaplan-Siekman***

**ELECTRONICALLY** transmitted this <u>24th</u> day of July, 2024, the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF registrants:

DeeAn Gillespie Strub, Esq.
Sandra T. Daussin, Esq.
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street, Ste. 100
Phoenix, Arizona 85020-5262
dgillespie@gillaw.com
sdaussin@gillaw.com
*Attorneys for Plaintiffs*

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
**MILLS + WOODS LAW PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona 85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
*Attorneys for Plaintiffs*

Larry J. Crown, Esq.
Elan S. Mizrahi, Esq.
**TITUS BRUECKNER SPITLER & SHELTS, PLC**
8355 East Hartford Drive
Scottsdale, AZ 85255
*Attorneys for State Defendants*

Robert Grasso, Jr., Esq,
Pari K. Scroggin, Esq.
Pamela L. Judd, Esq.
**GRASSO LAW FIRM, P.C.**
2250 East Germann Road, Suite 10
Chandler, AZ 85286
rgrasso@grassolawfirm.com
pscroggin@grassolawfirm.com
pjudd@grassolawfirm.com
*Attorneys for Defendant Southwest Human Development and Gwynetth Kelly*

/s/ LaDranda T. Boudwine