Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**Mills + Woods Law pllc**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**Gillespie, Shields & Taylor**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>State of Arizona, et *al.*,<br><br>    Defendants. | Case No.: 2:22-cv-00375-PHX-SRB<br><br>**MOTION FOR EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 216, 217]** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and LRCiv 7.3(a), Plaintiffs make this motion for an enlargement of time to file and serve their response to *Defendants' Motion for Summary Judgment* [Doc. 216] and Defendants' Statement of Facts in Support of Motion for Summary Judgment [Doc. 217], both filed on 16 December 2024 (collectively, the "motion"). Plaintiffs make this request in good faith and not for purposes of delay.

Defendants have been promising to file a motion for summary judgment for many months, at least since August. On 16 December 2024, at the last opportunity to do so, Defendants finally filed their motion along with their separate statement of facts with voluminous exhibits in support of that motion. Defendants filed 87 separate exhibits in

support of their motion; those 87 exhibits span a robust 1,735 pages. Due process entitles Plaintiffs to adequate time to respond to the motion. Clearly, a significant amount of time will be necessary to adequately process those 87 exhibits and 1,735 pages. Filing at the busiest holiday part of the year presents a severe challenge to being able to intelligently and fully respond within the standard 30-days' time. Like many others at this holiday time of the year, Plaintiffs' lead counsel has travel plans taking him and his family out of the country from 20 December 2024 until January 18, 2025. Plaintiffs contend these set of circumstances as further discussed below present good cause justifying an extension of time to respond to the motion from 15 January 2025 until 18 February 2025. Plaintiffs requested that Defendants stipulate to an extension until 18 February 2025, but they refused.[1]

Defendants are expected to oppose this motion claiming the requested extension is prejudicial to them due to the current scheduling order trial date of 24 March 2025. *See* Doc. 196. Plaintiffs would not oppose an extension of the trial date to accommodate full summary judgment briefing (and oral argument, if necessary).

Nonetheless, Defendants' prejudice argument is somewhat specious. A brief perusal of the motion (Doc. 216) and scrutiny of the *Table of Contents of Exhibits* (Doc. 217-1 at 1-3) demonstrates several things.

- *First*, the motion is supported largely by documents or information Defendants have had in their possession or control since February 2023 and going as far back as 2018. For instance, Exhibits 201-281[2] are juvenile court pleadings, orders, and the like that Defendants have had in their possession since they were first filed in the underlying juvenile court matter in 2018 and 2019. Similarly, Exhibit 1 consists of medical records produced by former Defendant Banner Hospital on 16 February 2023. Despite having all this

---

[1] When Defendants rejected an extension until 18 February 2025, Plaintiffs requested they stipulate to an extension until 31 January 2025. Defendants also refused that request.
[2] Defendants numbered their exhibits 1-5, 201-281, leaving a gap at 6-200.

information in hand from the very beginning of this lawsuit, Defendants waited until the last possible date, at the busiest holiday/family time of the year, to file a dispositive motion supported by 87 exhibits spanning 1,735 pages. That tactical decision prejudices Plaintiffs.

- *Second*, the motion relies primarily on legal arguments about collateral estoppel and issue preclusion and does not turn on the facts developed during the discovery phase of this case. Indeed, the only testimonial exhibit supporting the motion that Defendants did not have in their possession or control since the onset of this matter is the testimony of Dr. Ryan Stewart, who was deposed on 26 February 2024, excerpts of which comprise Defendants' Exhibit 2. The other deposition excerpts supporting the motion (Exhibits 3-5) are from two existing Defendants (Madison Bell and Mecca Temple) and one prior Defendant (Sarah Kramer), all deposed in August and September, all of whom are, or were, employees of Defendant Arizona Department of Child Safety. Given that Defendants could have supported a motion for summary judgment with affidavits from Bell, Temple, and Kramer, they did not need to wait to see when—of if—Plaintiffs would depose Bell, Temple, and Kramer. Rather, based on the exhibits supporting the motion, Defendants could have filed it as early as February 2024, after taking Dr. Stewart's deposition, with supporting affidavits from Bell, Temple, and Kramer, and at a time well before additional significant resources were expended in discovery and on experts. This tactical decision by Defendants also prejudiced Plaintiffs.[3]

---

[3] Defendants cannot reasonable argue that they needed the deposition testimony of Bell, Temple, and Kramer to lay foundation for the 81 juvenile court records used as exhibits for three reasons: (1) they could have given the same testimony by affidavit, (2) Plaintiffs offered to stipulate to foundation for those records when Defendants first made it known they intended to file for summary judgment using those records, and (3) they are public records of which this Court can take judicial notice. This is another reason Defendants did

3

- *Third,* conspicuously absent from Defendants' exhibits are transcripts from the depositions of Plaintiff Jessica Kahraman, taken on 14 June 2024, and a third-party witness, Carla White, taken on 8 and 18 November 2024; any of the 100 exhibits marked by Plaintiffs at the depositions taken in this matter; or any of the tens of thousands of pages of records produced by the parties and former parties in this matter (acknowledging Exhibit 1 as the only such exhibit). This, too, demonstrates that the motion is largely legal in nature (as opposed to factual) and could have been filed much earlier in the life span of this matter.

If there is any prejudice caused by the timing of Defendants' motion, it accrues to Plaintiffs.

For all the above reasons, Plaintiffs respectfully request an extension of time until 18 February 2025 to file their response to Defendants' motion for summary judgment. Plaintiffs would also not oppose the Court extending the 24 March 2025 trial date to accommodate a modified briefing schedule (and oral argument, if necessary).

A proposed Order is also submitted for the Court's consideration.

---

not need to wait until the last possible opportunity during the busiest holiday and family season to file their motion.

RESPECTFULLY SUBMITTED this 19th day of December 2024.

        **MILLS + WOODS LAW PLLC**

        By   */s/ Thomas A. Connelly*
             Thomas A. Connelly
             Robert T. Mills
             Sean A. Woods
             5055 North 12th Street, Suite 101
             Phoenix, AZ 85014

        **GILLESPIE, SHIELDS & TAYLOR**
             DeeAn Gillespie Strub
             Jenny D. Jansch
             7319 North 16th Street
             Phoenix, AZ 85020

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Thomas A. Connelly