Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>State of Arizona, et *al.*,<br><br>   Defendants. | Case No.: 2:22-cv-00375-PHX-SRB<br><br>**THIRD MOTION FOR EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. 216, 217]**<br><br>**(Expedited Ruling Requested)** |

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and LRCiv 7.3(a), Plaintiffs make this third motion for a second brief enlargement of time to file and serve their response to *Defendants' Motion for Summary Judgment* [Doc. 216] and Defendants' Statement of Facts in Support of Motion for Summary Judgment [Doc. 217], both filed on 16 December 2024 (collectively, the "motion"). Plaintiffs make this request in good faith and not for purposes of delay.

The motion primarily asserts preclusion arguments, arguing that Plaintiffs are estopped from prosecuting their claims because the claims and issues were all decided in the juvenile court (thus asserting collateral estoppel and res judicata defenses) and that this action is nothing more than a de facto appeal of juvenile court final judgments (thus asserting the *Rooker-Feldman* defense). These defenses implicate not only written juvenile court orders, but also the transcripts of hearings in which evidence was received, and arguments and rulings were made. Although State Defendants are asserting these preclusion defenses, they did not disclose during discovery or attach to their motion the audio recordings or certified transcripts from any of the juvenile court proceedings they rely upon to support their motion. Because Plaintiffs are not attacking any juvenile court orders or rulings, they did not order the audio recordings during discovery, but once they saw Defendants' motion and recognized the lack of transcripts, they ordered the audio recordings of the dozens of juvenile court hearings and then ordered certified transcripts of most of those hearings. Most of those transcripts were received within the past two weeks; however, the transcripts for two of the most pertinent evidentiary hearings (i.e., September 15, 2020, and November 9, 2020) have not yet been received. The court reporter said they will try to deliver those transcripts by noon tomorrow, Friday, February 21, 2025, but can only promise delivery by 9:00 AM on Monday, February 25, 2025. A further complication is a manpower one: the associate attorney charged with marshalling the facts and drafting Plaintiffs' controverting statement of facts is the first line of caregiver for her 90-year old grandparents this week and next because her aunt, the usual caretaker, is hospitalized in the intensive care unit with kidney failure. This has caused some disruption in the associate's attention paid to this matter this week.

Plaintiffs contend these set of circumstances present good cause justifying a final brief extension of time to respond to the motion from 21 February 2025 until 25 February 2025. Defendants oppose this second brief extension, asserting that because Plaintiffs are in receipt of the written orders from those hearings, the hearing transcripts are irrelevant.

Not so. For instance, at issue at the September 15, 2020, hearing was a motion to return the children to their mother's custody. Several of mother's experts testified at that hearing, including Dr. Eli Newberger. The written order reflects only that "Dr. Eli Newberger testifies," the same as it does for all three of mother's experts. It does not anywhere discuss the content of those testimonies. The content is important, for example in Dr. Newberger's case, to discern which of the myriad opinions in his very lengthy report Dr. Newberger was questioned and cross-examined on as that is pertinent to the response to State Defendants' motion.

For all the above reasons, Plaintiffs respectfully request an extension of time until 25 February 2025 to file their response to Defendants' motion for summary judgment.

A proposed Order is also submitted for the Court's consideration.

RESPECTFULLY SUBMITTED this 20th day of February 2025.

**MILLS + WOODS LAW PLLC**

By    */s/ Thomas A. Connelly*
    Thomas A. Connelly
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014

**GILLESPIE, SHIELDS & TAYLOR**
    DeeAn Gillespie Strub
    Jenny D. Jansch
    7319 North 16th Street
    Phoenix, AZ 85020

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Thomas A. Connelly