# EXHIBIT AW

Clerk of the Superior Court
*** Filed ***

**SUPERIOR COURT OF ARIZONA**
**MARICOPA COUNTY**

JAN 1 1 2021    *8:00 am*

FC 2020-090497    01/07/2021

HONORABLE SUZANNE S. MARWIL

CLERK OF THE COURT
M. Kay
Deputy

IN RE THE MARRIAGE OF
AHMET KAHRAMAN

BRADLEY JUSTIN CRIDER

AND

JESSICA KAHRAMAN

DEEAN GILLESPIE STRUB

FAMILY SUPPORT SERVICES-CCC
JUDGE MARWIL

TEMPORARY ORDERS HEARING/
TRIAL SET

Courtroom 401 – SEF

Prior to the commencement of today's proceeding, Petitioner's exhibits 1-9 and Respondent's exhibits 10-37 are marked for identification. Ahmet Kahraman, Jessica Kahraman, Dorothy Mann and Dr. Celice Korsten are sworn.

9:07 a.m. This is the time set for Temporary Orders Hearing. Petitioner/Father appears via videoconference on the Microsoft Teams application and is represented via videoconference on the Microsoft Teams application by above named counsel. Respondent/Mother appears via videoconference on the Microsoft Teams application and is represented via videoconference on the Microsoft Teams application by above named counsel.

A record of the proceedings is made digitally in lieu of a court reporter.

The Court has reviewed the case file and the pleadings filed by the parties.

Docket Code 089                    Form D000D                    Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                        01/07/2021


The rule of exclusion of witnesses is invoked.  The Court instructs the witness not to discuss the case or her testimony with anyone but counsel and directs                o terminate her Court Connect/Microsoft Teams appearance until she is called to testify.

Mother's case:

Dr. Celice Korsten, previously sworn, now testifies.

Respondent's exhibits 10-13 and 15 are received in evidence.

The witness is excused and released from the Microsoft Teams application at 9:32 a.m.

Dorothy Mann, previously sworn, now testifies.

Respondent's exhibit 16 is received in evidence.

The witness is excused and released from the Microsoft Teams application at 9:47 a.m.

Jessica Kahraman, previously sworn, now testifies.

Petitioner's exhibits 1 and 3 are received in evidence.

The witness is excused.

Mother rests.

Father's case:

Ahmet Kahraman, previously sworn, now testifies.

Petitioner's exhibits 2, 4, 5 and 6 are received in evidence.

Respondent's exhibit 14 is received in evidence.

The witness is excused.

Father rests.

Respondent's exhibit 34 is received in evidence.

Docket Code 089                    Form D000D                          Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                                01/07/2021


**LET THE RECORD REFLECT** the Court will review the testimony and evidence presented today and will include its ruling concerning temporary orders as a later order in this Minute Entry. This matter is not deemed under advisement.

**IT IS ORDERED** that the Courtroom Clerk may dispose of Petitioner's exhibits 7-9 and Respondent's exhibits 20, 21, 23-33 and 35-37, which were not offered/received in evidence.

Discussion is held regarding the time needed for Final Orders Trial.

**IT IS ORDERED** setting a Trial re: Petition for Dissolution of Non-Covenant Marriage with Minor Children on **May 25, 2021 at 9:00 a.m. (time allotted: 3 hours)** in this Division, to be conducted via the Court Connect/Microsoft Teams application as follows:

Join Microsoft Teams Meeting
+1 917-781-4590 United States, New York City (Toll)
Conference ID: 295 877 767#
https://tinyurl.com/jbazmc-drj09

**LET THE RECORD REFLECT** the Trial will be held either in person or telephonically. The parties are directed to contact Court staff at (602) 372-1828 one week prior to the Trial date to inquire how the hearing will be conducted.

If this is a contested Hearing and you believe there are factors that require your hearing be held *in-person*, please file a written Motion for in-person hearing explaining your reasoning for the Court's consideration.

Please note limitations apply to in-person hearings such as: no more than 1 contested hearing per morning/afternoon calendar, no more than 1 witness per party, arriving no earlier than 15 minutes prior to the hearing, leaving immediately after the hearing and no friends/family or support individuals are permitted to enter the Court complex, and lastly morning hearings will commence at 9:00 a.m., even if previously set for 8:30 a.m.

**Due to the spread of COVID-19, the Arizona Supreme Court Administrative Order 2020-197 requires all individuals entering a court facility to wear a mask or face covering at all times they are in the court facility. With limited exceptions, the Court will not provide masks or face coverings. Therefore, any individual attempting to enter the court facility must have an appropriate mask or face covering to be allowed entry to the court facility. Any person who refuses to wear a mask or face covering as directed will be denied entrance to the court facility or asked to leave. In addition, all individuals entering a court**

Docket Code 089                    Form D000D                         Page 3

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                    01/07/2021

**facility will be subject to a health screening protocol. Any person who does not pass the
health screening protocol will be denied entrance to the court facility.**

**For electronic and in-person exhibit submission, please visit,
https://www.clerkofcourt.maricopa.gov/services/exhibits-submission. The webpage will
provide instructions and guidance for electronic submission as well as locations for in-
person submission of exhibits.**

**All exhibits must be submitted to the Court and the opposing party no later than 5
business days prior to your hearing.**

**An Exhibits Coversheet must be completed and submitted as the top coversheet of
your exhibits. The coversheet must include your case number, the case caption, the date of
your hearing, the Judicial Officer assigned to your case, and the name of the party
submitting the exhibits.**

**Each exhibit must be separated by an Exhibit Slip Sheet to clearly identify
individual exhibits. If exhibits are not clearly separated, they will be combined as one (1)
document.**

**Any media-type exhibits (i.e., flash drives, CDs, etc.) must be personally delivered to
the Court for marking. All videos/audio recordings must be submitted separately and
cannot be combined on one electronic device.**

**Copies of exhibits cannot be made at Family Court Administration or the Law
Library Resource Center. Bring adequate copies of all exhibits for your reference with you
at the time of your hearing.**

**NOTICE: Exhibits Marked But Not Offered**

Exhibits submitted to the Court for a Trial, whether through hard copy or submitted
electronically, that are marked as exhibits but are not offered into evidence at the Trial will be
destroyed following the hearing, unless a party requests that the evidence be returned at the
conclusion of the hearing. Such requests must be filed with the Court and served on all parties in
advance of the hearing or by no later than the conclusion of the hearing.

**IT IS FURTHER ORDERED** that the failure of either party to appear at the time of
trial, or to timely present the Joint Pre-Trial Statement in proper form, including each and every
attachment required, shall, in the absence of good cause shown, result in the imposition of any
and all available sanctions pursuant to Rule 76(D), Arizona Rules of Family Law Procedure and

Docket Code 089                    Form D000D                    Page 4

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                          01/07/2021

Local Rules 6.2(e) and 6.9(b), including proceeding to hear this matter by default based upon the evidence presented by the appearing party.

**IT IS FURTHER ORDERED** that if either party files a request for findings of fact and conclusions of law pursuant to Rule 82, Arizona Rules of Family Law Procedure, each party shall submit proposed findings of fact and conclusions of law to this division by no later than **May 18, 2021.**

**IT IS FURTHER ORDERED** with regard to discovery and disclosure requirements:

1. Both parties shall complete all disclosure requirements required by Rules 49 and 50, Arizona Rules of Family Law Procedure, including an exchange of all relevant information, documents, and exhibits on or before **March 25, 2021.**

2. All depositions and discovery contemplated by Rules 49 through 65, Arizona Rules of Family Law Procedure, shall be completed and any motions regarding discovery shall be filed no later than **March 25, 2021.**

3. The parties shall promptly comply with all requests for relevant information in this case. In this regard, the parties shall sign all necessary consents and releases reasonably required to obtain any relevant documents or records from any financial institution, company, business, medical or healthcare provider, or employer possessing any relevant information.

**IT IS FURTHER ORDERED** that counsel for both parties shall confer at least thirty (30) days prior to trial to conduct settlement discussions, prepare a Joint Pre-Trial Statement in accordance with Rule 76(C)(1), Arizona Rules of Family Law Procedure, exchange all exhibits, and discuss the resolution and narrowing of all procedural and substantive issues in this case. Thereafter, the Joint Pre-Trial Statement shall be filed and a copy delivered to this division by no later than **May 18, 2021.** Further, pursuant to Rule 76(C) (2), each party shall file with the Joint Pre-Trial Statement the following:

a) An Affidavit of Financial Information on a form approved by the Court.

b) If financial/property issues are in dispute, a detailed itemized inventory of property and debt in accordance with Rule 97, form 12, "Inventory of Property and Debt."

c) A proposed parenting plan.

d) A proposed parent's worksheet for child support.

**IT IS FURTHER ORDERED** that the parties shall indicate in the Joint Pre-Trial Statement those exhibits they have agreed will be admissible at trial, as well as any specific

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                            01/07/2021

objections that will be made to any exhibit, if offered at trial, that is not agreed to be admitted. Reserving all objections to the time of trial will not be permitted.

Counsel and the parties are reminded of their obligation to give prompt notice to the Court of any settlement as required by Rule 70, Arizona Rules of Family Law Procedure.

Continuances, postponements, and schedule changes will not ordinarily be granted. Any postponement or change will be granted only in accordance with appropriate rules, based on a showing of good cause, and requires the express written approval of the Court.

## NOTICE

You may request conclusions of fact and law on the following issues, if they are contested: the issues of legal decision making authority, relocation requests, spousal maintenance, community property, community debt, and child support. To request conclusions of fact and law, you must file a written request with the Court before trial. If you make a written request before trial, the Court will make conclusions of fact and law as part of the final decision.

If any party asks the Court to make findings of fact and law on any issue, each party must file written proposed findings of fact and law on those issues. The proposed findings also must be submitted in an electronic form that is editable, preferably Microsoft Word. The proposed findings must be submitted with the Pre-Trial Statement.

**NOTE: ALL COURT PROCEEDINGS ARE RECORDED BY AUDIO AND VIDEO METHOD AND NOT BY A COURT REPORTER. PURSUANT TO LOCAL RULE 2.22, IF A PARTY DESIRES A COURT REPORTER FOR ANY PROCEEDING IN WHICH A COURT REPORTER IS NOT MANDATED BY ARIZONA SUPREME COURT RULE 30, THE PARTY MUST SUBMIT A WRITTEN REQUEST TO THE ASSIGNED JUDICIAL OFFICER AT LEAST TEN (10) JUDICIAL DAYS IN ADVANCE OF THE HEARING, AND MUST PAY THE AUTHORIZED FEE TO THE CLERK OF THE COURT AT LEAST AT LEAST TWO (2) JUDICIAL DAYS BEFORE THE PROCEEDING. THE FEE IS $140.00 FOR A HALF-DAY AND $280.00 FOR A FULL DAY.**

10:42 a.m. Hearing concludes.

**LATER:**

After review of the testimony and evidence presented as well as the documents filed in the Family Court case by DCS at the direction of Judge Jennifer Green and Mother's objection to

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                          01/07/2021

the Court's consideration of the DCS report at the Juvenile Hearing, the Court makes the
following orders:

**IT IS ORDERED** affirming the award of temporary sole legal decision-making to
Father. Nevertheless, Father shall keep Mother informed of the decisions he makes and where
possible, take her input into account. To effectuate co-parenting, the parties shall enroll in Our
Family Wizard at their own expense no later than **January 22, 2021**.

**IT IS FURTHER ORDERED** that based on the parties' agreement that Mother may
have unsupervised parenting time, the Court enters the following graduated temporary parenting
time plan:

- For phase one, which begins immediately and runs until at least March 8, 2021 or
such time as the parties mutually agreed upon nutritionist can review the food log
Mother will keep during her parenting time, Mother shall have daytime only
parenting time every other weekend beginning January 16, 2021 from Saturday at
10:00 a.m. to 6:00 p.m. and Sunday at 10:00 a.m. to 6:00 p.m. In addition,
Mother shall have parenting time each Monday and Tuesday from 9:00 a.m. to
1:00 p.m. Father shall be responsible for transporting the children to their
parenting time with Mother and Mother shall be responsible for returning the
children to Father. To complete phase one, Mother must keep a food diary
documenting all foods and the quantity thereof she feeds each of the children. No
later than February 1, 2021, the parties shall select a mutually agreed upon
nutritionist to review the food diary. If the nutritionist finds no concerns and
Mother has refrained from making any unilateral decisions for the children and
continues to be compliant in her therapy while taking responsibility for her role in
harming the children, phase two will begin.
- For phase two, Mother shall exercise unsupervised overnight parenting time with
the children on alternating weekends from Friday at 1:00 p.m. to Sunday at 1:00
p.m. and every Monday and Tuesday from 9:00 a.m. to 1:00 p.m. Father shall
transport the children to Mother for parenting time and Mother is responsible for
returning the children to Father.

**IT IS FURTHER ORDERED** denying Mother's request for reimbursement of
supervision fees as supervision was ordered by the Juvenile Court at Father's discretion.

**IT IS FURTHER ORDERED** denying any interim request for attorneys' fees as the
issue of attorneys' fees will be determined at a Final Orders Trial after the Court has the
opportunity to evaluate the reasonableness of each party's positions.

Docket Code 089                        Form D000D                        Page 7

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

FC 2020-090497                                          01/07/2021

Regarding child support,

**THE COURT FINDS** that Father's gross monthly income is $4,014.00 and Mother's gross monthly income is $4,000.00. There are no health insurance costs for the minor children because the children are covered by AHCCCS due to their developmental disabilities. Neither party pays childcare costs. Mother is given a parenting time adjustment of 52 days.

**IT IS ORDERED** effective February 1, 2021, Mother shall pay Father child support in the amount of $670.00 per month. Mother shall pay by Income Withholding Order a monthly Support Payment Clearinghouse fee which is set by Rule, and which is subject to change. Mother is advised that until such time as the Income Withholding Order becomes effective, and during any time when no Income Withholding Order is in place, Mother has an affirmative obligation to pay the child support directly to the Support Payment Clearinghouse. Mother shall immediately notify the Court of any change in her employment by filing a Current Employer Information sheet.

**LET THE RECORD REFLECT** that an Income Withholding Order will be initiated electronically.

**FILED:** Child Support Worksheet

**IT IS ORDERED** signing this Minute Entry as a formal order of this Court.

_____
HONORABLE SUZANNE S. MARWIL
JUDGE OF THE SUPERIOR COURT