# EXHIBIT AY

Clerk of the Superior Court
*** Electronically Filed ***
F. Smock, Deputy
7/15/2021 12:58:11 PM
Filing ID 13127628

**DeeAn Gillespie Strub, Esq. (009987)**
**GILLESPIE STRUB GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
Email: mailroom@gillaw.com
*Attorney for Respondent/Mother*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In Re the Marriage of: | Case No.  FC2020-090497 |
| **AHMET KAHRAMAN**, | **NOTICE OF LODGING PROPOSED CONSENT DECREE AND PARENTING PLAN** |
| Petitioner, | |
| and | |
| **JESSICA KAHRAMAN**, | Assigned to: |
| Respondent. | *Commissioner Jacki Ireland* |

Respondent, Jessica Kahraman, through undersigned counsel, hereby gives notice of the lodging of the attached Consent Decree of Dissolution of Marriage and Parenting Plan (Exhibit A).

May 25, 2021, was the date set for the trial of this matter.  Both parties and counsel were present.  Counsel advised the Court (on the record) that the parties had

1

reached an agreement (Rule 69 agreement).  Counsel for Respondent relayed that agreement to the Court.  As stated in the May 26, 2021 Trial Minute Entry/Order, **"[t]he Court finds that the parties have knowingly, voluntarily and intelligently entered into the agreement."**  The Court then found the agreement as **"binding on the parties,"** and it was entered on the record.

As ordered, Respondent/Mother prepared and submitted a formal Consent Decree and Parenting Plan to opposing counsel, Brad Crider, via e-mail on June 11, 2021, in order that it could be lodged with the Court for signature no later than June 15, 2021.  Counsel spoke with Attorney, Brad Crider, in late June.  He indicated he would have his client in his office that following Friday to review/execute the Consent Decree/joint parenting plan.  Since that time, despite numerous inquiries, there has been no word from Attorney Crider.

In the interim, Petitioner/Father has circulated/provided copies of the Court's Temporary Orders (which previously gave him sole legal decision-making authority) to all of the minor children's medical providers.  Petitioner/Father's conduct has negatively impacted Mother's ability to exercise the parties agreed upon joint legal decision-making.

The original temporary order is now completely moot as the parties, on the record, have agreed to the information outlined in the Consent Decree and Parenting Plan, which reiterate the parties' and counsels' statements made on the record.

**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

Respondent/Mother urges this Court execute the final, agreed upon Consent Decree of Dissolution of Marriage and Parenting Plan in order that she can regain her ability to effectively parent and seek medical assistance for her children. This is of utmost priority as Father is actively thwarting her medical decision-making authority.

The next Court date is August 9, 2021, on Respondent/Mother's Order to Show Cause as to why Petitioner/Father should not be sanctioned for failing to abide by the agreed upon Rule 69 agreement (mentioned above).

It appears that Petitioner has gone rogue which, in all likelihood, is the reason we have not heard from his counsel. The Court formalizing the execution of the final decree and parenting plan will reduce Respondent/Father's ability to make any further irrational decisions with regard to the minor children.

Father's resistance to formalizing the final Decree and joint parenting plan is unreasonable, and Mother requests attorney fees pursuant to A.R.S. §25-324.

Date: July 15, 2021                    **GILLESPIE SHIELDS GOLDFARB & TAYLOR**

By:    _/s/ DeeAn Gillespie Strub_
       DeeAn Gillespie Strub, Esq.
       *Attorney for Respondent/Mother*

Electronically filed this same date.

/ / / /

**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

Copy e-mailed this date to:

Brad J. Crider, Esq.
**CRIDER LAW, PLLC**
3850 East Baseline Road, Suite 111
Mesa, Arizona 85206
bcrider@criderlawaz.com
*Attorney for Petitioner/Father*


By:      */s/ Marie Costello*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ◆ Fax (Mesa): (480) 985-7552

EXHIBIT A

**DeeAn Gillespie Strub, Esq. (009987)**
**GILLESPIE STRUB GOLDFARB & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
Email: mailroom@gillaw.com
*Attorney for Respondent/Mother*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In Re the Marriage of: | Case No.  FC2020-090497 |
| **AHMET KAHRAMAN**, | |
| Petitioner, | **CONSENT DECREE OF DISSOLUTION OF MARRIAGE** (*with Minor Children*) |
| and | |
| **JESSICA KAHRAMAN**, | Assigned to: *The Honorable Suzanne Marwil* |
| Respondent. | |

This case came on for consideration before this Court. Both parties have paid the appropriate fees. Petitioner, AHMET KAHRAMAN ("Husband"), is represented by attorney Brad Crider of Crider Law, and Respondent, JESSICA KAHRAMAN ("Wife"), is represented by attorney DeeAn Gillespie Strub and the law firm of Gillespie, Shields, Goldfarb, & Taylor. The parties have stipulated and agreed that this matter may proceed by consent and they have waived their right to a trial.

**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

**THE COURT FINDS AS FOLLOWS**:

1.  The Court acquired jurisdiction over the parties on January 3, 2020 by Petitioner filing a Petition for Dissolution of Marriage. Respondent filed her Response on March 11, 2020.

2.  The parties were married on                                                    . The parties do not have a covenant marriage as described in A.R.S. §25-901.

3.  At least one of the parties had been domiciled in Maricopa County, Arizona for a period of at least ninety days prior to the filing of this action.

4.  The marriage of the parties is irretrievably broken and there is no reasonable prospect for reconciliation.

5.  The conciliation provisions of A.R.S. §25-381.09 either have been met or do not apply.

6.  There are two (2) minor children, twin boys, common to the parties: D K          , born                    and K      K          , born 2

7.  Wife is not now pregnant.

8.  There have been no serious acts of domestic violence during the marriage.

9.  The parties have agreed to a division of community property and/or debt as set forth herein and evidenced by their signatures on this document.

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

10. The parties, through their signatures below, believe that no duress or coercion is involved in their approval of the terms herein, and they believe that the division of property is fair and equitable and they have met the best interests of the children.

11. Each party consents to and approves each and every provision of the Decree and, pursuant to AZRFLP, hereby authorizes the Court to enter this Decree as a final decree settled, approved and signed by the Court and to be entered by the clerk.

12. To the extent it has jurisdiction to do so, this Court has considered, approved and made provision for the disposition of property and payment of debts.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## Dissolution of Marriage

The marriage of the parties is hereby dissolved and each party is restored to the status of a single person.

## Spousal Maintenance

The parties have agreed that neither party shall owe the other party any spousal maintenance.

**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

3

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

## Child Support

The parties have agreed that neither party shall owe the other party any child support.

## Medical/Dental/Vision Insurance

The children will continue to be covered under Father's insurance. Any medical expenses not covered under Father's insurance will be divided 50/50 between the parties.

## Parenting Plan

All parenting issues are addressed in the attached parenting plan.

## Taxes

For taxation purposes, Mother will claim Dylan and Father will claim Kenan.

## Division of Assets and Debts

**IRS Debt.** The remaining balance on the community's IRS debt is currently $3,700, which Mother has been paying. Father will pay $1,850 to cover his share of the remaining balance.

**Family Debt.** Mother has paid approximately $18,000 towards community debt to date. The parties also borrowed $20,000 from Mother's uncle Rex Lambert and his wife. Mother has assumed $15,000 of this debt. Father will pay $5,000 of this debt.

4

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

**Vehicles and Personal Property.** Each party shall be awarded the personal property, furniture and furnishings in his or her respective possession. Father has items in his possession worth approximately $3,200 to include a laptop and all toys and furniture removed from the family home.

Father is in possession of the parties' only vehicle, a Volkswagen Jetta, which is free and clear. He also abandoned a BMW which had some value. The total value of these assets is $7,700. He will pay an equalization payment of $3,850 to Mother.

**401(k).** The community interest in Father's 401(k) through Marriott is in excess of $15,000. Mother would be entitled to 50%, but has compromised her entitlement down to $4,500. This takes into consideration her entitlement in the vehicle, as well as her assuming the balance of the IRS debt, and the majority of the debt to her aunt and uncle. Mother intends to withdraw her portion of the 401(k) to satisfy the IRS tax debt of $3,700. She will have a tax liability associated therewith.

**Credit Cards.** Mother has a remaining balance on credit cards (closed during the marriage) of $1849.

**Attorney's Fees**

Each party shall bear their own attorney's fees and legal costs of this matter through the entry of the Decree of Dissolution.

**GILLESPIE, SHIELDS, GOLDFARB & TAYLOR**
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

## <u>Complete and Final Agreement</u>

The foregoing terms contained in this Decree represent the complete and final agreement of the parties. The terms herein are fair and equitable, and satisfy all claims that either party may have against the other (with the exception of after discovered assets), and all claims that were able to be known by either party as of the signing of this Decree.

Pursuant to Rule 78, A.R.F.L.P., the final judgment/decree is settled, approved, and signed by the Court and shall be entered by the clerk.

**DONE IN OPEN COURT** this date: _____

_____
The Honorable Suzanne Marwil

6

**APPROVED AS TO FORM AND CONTENT:**

_____    _____
Ahmet Kahraman                          Date
*Petitioner*


     Sworn to/Affirmed before me this ____ day of _____, 2021, by Ahmet Kahraman.

                                       _____
                                       Notary Public

_____    _____
Jessica Kahraman                        Date
*Respondent*


     Sworn to/Affirmed before me this ____ day of _____, 2021, by Jessica Kahraman.

                                       _____
                                         Notary Public


**APPROVED AS TO FORM:**


_____
Brad Crider
*Attorney for Petitioner*


_____
DeeAn Gillespie Strub
*Attorney for Respondent*

GILLESPIE, SHIELDS, GOLDFARB & TAYLOR
7319 North 16th Street, Phoenix, Arizona 85020
1630 S. Stapley Drive, Suite 212, Mesa, Arizona 85204
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783
Telephone (Mesa): (480) 985-4000 ♦ Fax (Mesa): (480) 985-7552

**PARENTING PLAN**

***EXHIBIT "A" To Consent Decree of Dissolution***

In Re: the Marriage of Ahmet Kahraman and Jessica Kahraman
Maricopa County Superior Court Case No. FC2020-090497

Ahmet and Jessica Kahraman (collectively referred to as the "Parties" or the "Parents") agree that the terms of this Parenting Plan set forth below are in the best interests of the Minor Children common to the parties.

1. There are two (2) minor children, twin boys, common to the parties: _____, born _____ and _____, born _____ .

2. Both parents believe that this Agreement is in the best interest of their Children.

3. Father and Mother acknowledge that the following factors warrant joint legal decision-making authority:

   A. Neither parent is influenced by duress or coercion in entering into this Agreement.

   B. Both parents can sustain an ongoing commitment to their child.

   C. This joint legal decision-making authority arrangement is logistically possible.

D. Both parents have taken into consideration the best interests of the child as required under A.R.S. § 25-403.

E. There has been no significant acts of domestic violence between the Parties.

F. Both parents understand and acknowledge their personal responsibility with regard to A.R.S. § 25-403.05(B) which provides as follows:

> *A child's parent or custodian must immediately notify the other parent or custodian if the parent or custodian knows that a convicted or registered sex offender or a person who has been convicted of a dangerous crime against Children as defined in A.R.S. § 13-705 may have access to the child.*

> *The parent or custodian must provide notice by first class mail, return receipt requested, by electronic means to an electronic mail address that the recipient provided to the parent or custodian for notification purposes or by another form of communication accepted by the Court.*

4. Each parent has had the opportunity to seek the advice of separate counsel and warrants that he or she fully understands the nature and effect of all recitals and covenants prior to execution of this Agreement as referenced in page 1 of the Decree.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Legal Decision-Making Authority

*Legal decision making-authority*, as defined by A.R.S. § 25-401(3), means the legal right and responsibility to make all non-emergency legal decisions for a child including those regarding education, health care, religious training and personal care decisions.  For the purpose of interpreting or applying any international treaty, federal law, a uniform code or the statutes of other jurisdictions of the United States, legal decision-making means legal custody.

The parties will share joint legal decision-making authority as to the minor Children. In the event the parties are unable to agree on an issue to include seeking modification or enforcement after reasonable discussion and consultation with appropriate experts, the parties will submit the issue to mediation prior to seeking a determination of the issue by the court.

For the purpose of this Agreement: "Joint legal decision-making" means both parents share decision-making and neither parent's rights or responsibilities are superior except with respect to specified decisions set forth herein.

**Parenting Time**

The parents have agreed to share equal parenting time. This will be accomplished by extending Mother's Monday and Tuesday visits to overnights to achieve a full 5-2-2-5 schedule.

**Child Exchanges.** During the school year, pick-ups and drop-offs will generally occur at school or outside the parties' respective residences or an agreed-upon location. Curb-side vehicle exchanges only. The party receiving the boys shall travel to the school or the other parent's residence but shall wait in his or her vehicle. The boys may walk on their own to the other parent's vehicle or residence while the delivering parent observes for safety purposes. Ahmet will also need to provide Jessica his address for curbside pick-up and drop-off during the summer.

**Communication Between the Parties**

**Communication with the Minor Children.** Each Parent is entitled to telephone, text, email, FaceTime, and/or Skype communications with the Minor Children during normal waking hours. Calls are to be limited to once daily for 15 minutes or less, except in case of emergency. The parents will not abuse this provision and each will respect the Children's time with the other parent.

**Emergency Contact.** Mother maintains a landline at her home available to the boys with their Father's number programmed into it. The boys need a reliable way to contact their Mother in the event of an emergency when they are in their Father's care. This can be accomplished by Ahmet either securing a landline at his apartment with her and maternal grandmother's phone numbers programmed in, or the parties jointly obtaining a cell phone for the boys with her and her mother's numbers programmed in. The children should also be permitted to call their Mother from this phone, limiting calls to once daily and 15 minutes or less.

**Designation of Email Address and Access.** Email accounts shall be checked at least once per day.

**Brief and Specific Emails.** Emails shall be short and to the point. If there is more than one issue to cover, each issue shall be clearly numbered, and the responding party shall likewise respond using the same numbers.

**Subject Lines.** Specific subject lines shall be used on all emails identifying the issue(s) contained in the email. This will allow the parties to quickly locate relevant emails if needed later on.

**Future-Oriented Only.** All emails relate to future activities, a request for future action, or provide specific information. Emails are not to be used to re-hash past incidents.

**Respectfulness.** All language shall be respectful. There shall be no name-calling, no nick-names, and no abusive language contained in emails. Always assume a judge will be reading your email someday.

**Respect for Privacy.** Both parents will respect the other's privacy and will refrain from social media stalking of the other parent or their significant other. A breach in the respect for privacy could be considered the basis for a change of circumstance warranting a change of legal decision-making or prompt the requirement for the offending party to engage in forensically-informed counseling.

**Holiday/Vacation Parenting Time**

Each party shall receive two (2) one-week segments of vacation, which shall not be exercised consecutive to one another, nor extended by scheduling a week immediately before or immediately following the vacationing parent's regular or holiday parenting time. Once the boys reach age 12, the one-week segments may be exercised consecutive to one another, but in no event shall

the minor children be away from the non-vacationing parent for more than fourteen (14) consecutive days.

Mother shall have priority of scheduling in odd years and Father shall have priority of scheduling in even years. For vacations taken during the summer months, the parent with priority must provide his or her vacation dates to the other parent no later than May 1, 2021 to maintain priority status for the coming summer. All other vacations shall be with notice to the other parent thirty (30) days in advance, and with the exception of proper exercise of priority status and notification in summer months as set forth above, the parent receiving notice must not schedule vacation dates on the already noticed dates of the other party.

**Other Holidays and School Breaks**

The parties will cooperate in a holiday schedule which provides the children alternating holidays with their parents.

**Child Support**

The parties have agreed that neither party shall owe the other party any child support.

**<u>Medical/Dental/Vision Insurance</u>**

The children will continue to be covered under Father's insurance. Any medical expenses not covered under Father's insurance will be divided 50/50 between the parties.

**<u>Communication Between Parents</u>**

All communication will be respectful. The parties are committed to be responsive to all parenting inquiries. Respectful responsive communication is in the best interests of the Children. In case of emergency, communication with the other parent shall be sought immediately to advise them of the situation.

All communication regarding the Minor Children will be between the Parents themselves. The parents will not use the Children as "messengers" or problem-solvers to convey information or to set up visitation access or changes. All communication regarding the Children will be between the parents and neither party will use the Children to convey information, finances or schedule visitation/parent time changes or other modifications.

The Parents will encourage love and respect between the Minor Children and the other Parent. Neither Parent will do anything that may hurt the other Parent's relationship with the Minor Children. Each parent will

refrain from disparaging the other Parent to the Children, nor will either

parent involve the Children in the middle of adult issues.

**Education**

The children will attend Kyrene de la Manitas to continue their

education in the fall. Mother has put the children on a waitlist for Broadmoor,

but there are 20 children ahead of them. This school is slightly closer to Father.

If they are accepted, they will attend there instead. If the children attend

school in the Kyrene district, Ahmet will receive some assistance regarding

transportation. If Ahmet could arrange to have Wednesdays and Thursdays

as regular days offs, that would prove beneficial. In the event he has to work

one of these days, Jessica indicates that she and her mother may be willing to

assist with school transportation some of the time on those days. Mother or

the boys' maternal grandmother may also be willing to assist Ahmet with

school transportation on Fridays.

**Relocation**

Pursuant to A.R.S. § 25-408, before either parent can relocate outside

the state with the child or relocate more than 100 miles within the state with

the child, said parent must provide no less than 60 days written notice to the

other parent of his or her intent to move.  Within 30 days after such written

notice is provided, the non-moving parent may petition the Court to prevent relocation of the child.

**Entitlement to Information**

Each parent is entitled to complete and detailed information from all teachers, schools, summer camps, pediatricians, physicians, dentists, authorities, consultants or specialists attending to the minor Children for any reason whatsoever and to be furnished with copies of any reports given to either parent.

Pursuant to A.R.S. § 25-403.06, "Unless otherwise provided by Court Order or law, on reasonable request both parents are entitled to have equal access to documents and other information concerning the Children's education and physical, mental, moral and emotional health including, medical, school, police, court and other records directly from the custodian of the records or from the other parent.

A person who does not comply with a reasonable request shall reimburse the requesting party for Court costs and attorney fees incurred by that parent to force compliance with this subsection. A parent who attempts to restrict the release of documents or information by the custodian under this

subsection without a prior Court Order is subject to 'appropriate legal sanctions.'"

**Review**

The parents agree to review the terms of this Parenting Plan and make any necessary or desired changes every twelve (12) months from the date of this document or as agreed upon by the parties.

**Resolution of Disputes**

While the parties believe that Joint Legal Decision-Making Authority with Mother having the final say is beneficial to the minor Children, they acknowledge that problems may arise regarding differences of opinion.

Parents are advised that while a dispute is being resolved, neither party is permitted to deviate from this Parenting Plan, or act in such a way that is inconsistent with the terms of this Parenting Plan. Parents are also advised that the Court (specifically Conciliation Services or Expedited Visitation Services) is available to help them mediate any such changes or noncompliance with the terms of this plan before filing for enforcement or modification with the court.

**Home State**

A.R.S. § 25-1202(4), et. seq. and the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738(A), define the term "Home State." Pursuant thereto, the State of Arizona is presently defined as the "Home State" of the minor Children, and was the "Home State" of the minor Children at the time that this action was commenced in Maricopa County Superior Court.

**Construction and Interpretation of Parenting Plan**

This Parenting Plan is entered into in Arizona and will be construed and interpreted under the laws of Arizona and it is expressly stated that if any provision of this plan be determined to be invalid, it will not affect the rest of the plan.

**Incorporation**

This Parenting Plan is part of the parties' pending dissolution action. The parties will follow this Parenting Plan and will treat it as an order even though it may not be incorporated as an actual order until entry of the parties' final Decree of Dissolution.

**Statement Regarding Contact with Sex Offenders and Persons Convicted of Dangerous Crimes Against Children**

Pursuant to A.R.S. § 25-403.05, a child's Parent or custodian must immediately notify the other Parent or custodian if the Parent or custodian

knows that a convicted or registered sex offender or a person who has been convicted of a dangerous crime against child as defined in A.R.S. § 13-705 may have access to the Minor Children.  The Parent or custodian must provide notice by first class mail, return receipt requested, by electronic means to an electronic mail address that the recipient provided to the Parent or custodian for notification purposes or by other communication accepted by the Court.

According to A.R.S. § 13-705(P)(1), "Dangerous crime against Children" means any of the following that is committed against a minor who is under fifteen years of age:

a.  Second-degree murder.
b.  Aggravated assault resulting in serious physical injury or involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument.
c.  Sexual assault.
d.  Molestation of a child.
e.  Sexual conduct with a minor.
f.  Commercial sexual exploitation of a minor.
g.  Sexual exploitation of a minor.
h.  Child abuse as prescribed in section 13-3623, subsection A, paragraph 1.
i.  Kidnapping.
j.  Sexual abuse.
k.  Taking a child for the purpose of prostitution as prescribed in section 13-3206.
l.  Child prostitution as prescribed in section 13-3212.
m. Involving or using minors in drug offenses.
n.  Continuous sexual abuse of a child.

o.  Attempted first-degree murder.
p.  Sex trafficking.
q.  Manufacturing methamphetamine under circumstances that cause physical injury to a minor.
r.  Bestiality as prescribed in section 13-1411, subsection A, paragraph 2.
s.  Luring a minor for sexual exploitation.
t.  Aggravated luring a minor for sexual exploitation.
u.  Unlawful age misrepresentation.

**Both parties** understand and agree to abide by the requirements of A.R.S. § 25-403.05 concerning notification of other parent or custodian if someone convicted of dangerous crime against Children may have access to the Children.

APPROVED AS TO FORM AND CONTENT:

_____    _____
Ahmet Kahraman                 Date
*Petitioner*

  Sworn to/Affirmed before me this ____ day of _____, 2021, by Ahmet Kahraman.

          _____
          Notary Public

_____    _____
Jessica Kahraman               Date
*Respondent*

  Sworn to/Affirmed before me this ____ day of _____, 2021, by Jessica Kahraman.

          _____
          Notary Public

APPROVED AS TO FORM:

_____
Brad Crider
*Attorney for Petitioner*

_____
DeeAn Gillespie Strub
*Attorney for Respondent*