# EXHIBIT BJ

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

* * * * * *
)
IN THE MATTER OF:                    )
)
D          K                         ) Case No: JD532206

)
K          K                         )

)


TRANSCRIPT OF DIGITALLY-RECORDED PROCEEDINGS
RE: Pretrial Conference Hearing
Status Conference Permanency Planning

January 6, 2020

1:32 p.m.


BEFORE:   HONORABLE JENNIFER E. GREEN


PREPARED BY:
Keisha Heflin,
Certified Electronic
Transcriber No. CET-545

PREPARED FOR:
Arturo Escutia, Esq.

(Certified Copy)



Page 2

```
 1              A P P E A R A N C E S

 2

 3   For the Department:    Katie Martoncik, Esq.

 4                          Gregory Coordes, Esq.

 5                          Janna Johnson, Esq.

 6   For the Children:   Kinda Johnson-Hurd, Esq

 7   For the Mother:     DeeAn Gillespie Strub, Esq.

 8   For the Father:     Suzanne Nicholls, Esq.

 9

10

11

12

13   ALSO PRESENT:

14   Emine Fougner, Interpreter

15   Madison Bell, DCS Child Safety

16   Mecca Temple, DCS Supervisor

17   Susan Stark, CASA

18

19

20

21

22

23

24

25
```

Page 3

P R O C E E D I N G S

1
2      THE COURT: Good afternoon, everyone. The
3  Court calls JD 532206. This is the matter of Dylan
4  Kahraman and Kenan Kahraman. Appearances, please.
5      MR. COORDES: Gregory Coordes, the Assistant
6  Attorney General for the department.
7      MS. BELL: Madison Bell, DCS case manager.
8      MS. JOHNSON-HURD: Kinda Johnson-Hurd,
9  guardian ad litem.
10     MS. STARK: Ms. Stark, CASA.
11     MS. GILLESPIE STRUB: Ms. Gillespie Strub,
12 counsel for mother.
13     MS. KAHRAMAN: Jessica Kahraman, mother.
14     THE COURT: Welcome, Ms. Kahraman.
15     MS. KAHRAMAN: Thank you.
16     MS. NICHOLLS: Suzanne Nicholls, Office of
17 the Public Advocate on behalf of Mr. Kahraman.
18     THE COURT: Welcome, Mr. Kahraman.
19     MR. KAHRAMAN: Ahmet Kahraman, father.
20 Thank you.
21     THE INTERPRETER: Emine Fougner, the
22 interpreter.
23     THE COURT: And you've been sworn; correct?
24 Is that a yes?
25     THE INTERPRETER: Yes.

Page 4

1      THE COURT: Thank you. In back?
2      MS. LEONARD: Judith Leonard, Assistant
3  Attorney General, observing.
4      MS. TEMPLE: Mecca Temple, DCS Supervisor.
5      MS. JOHNSON: Janna Johnson, Assistant
6  Attorney General.
7      MS. MARTONCIK: Katie Martoncik, Assistant
8  Attorney General appearing on behalf of the department.
9      THE COURT: All right. Welcome, everyone.
10 I'm first going to read the Rule 41(F) Admonition as
11 slowly as I possibly can for our Turkish interpreter.
12     THE INTERPRETER: If you could do it like a
13 sentence at a time, that way he can be able to give
14 reaction and --
15     THE COURT: I'll do my best.
16     THE INTERPRETER: Yes. Thank you.
17     THE COURT: You are prohibited by order of
18 the court from disclosing outside of this hearing any
19 personally identifiable information about the child,
20 siblings, parents, guardians, caregivers, or others
21 mentioned in the hearing. This includes the name,
22 address, date of birth, Social Security number, social
23 media information, driver's license number, tribal
24 identification number, school identification, military
25 identification number, or any other distinguishing

Page 5

1  characteristic that tends to identify a particular person.
2  This prohibition applies to all who remain in the
3  courtroom or on the phone. Failure to abide by this order
4  is contempt of court punishable by jail, fines, or other
5  sanctions.
6      We are here today to deal with mother's
7  motions. The Court is in receipt of the following motion.
8  First, I have the original motion in limine to preclude
9  the testimony of Dr. Kelly.
10     MS. GILLESPIE STRUB: Your Honor, did the
11 Court get information that we had reached an agreement
12 surrounding some of this moot?
13     THE COURT: Zero.
14     MS. GILLESPIE STRUB: Okay. Well, I emailed
15 the Court. There was some stuff that came in.
16     THE COURT: Thank you for interrupting me.
17     MS. GILLESPIE STRUB: Thank you. And I
18 thought I emailed back to your court earlier this morning
19 to let the Court know that those motions are rendered moot
20 because last -- late Friday afternoon, mother and the
21 department reached an agreement as to language for
22 dependency as to mother.
23     THE COURT: Well, that is an interesting
24 update.
25     MR. COORDES: And, Your Honor, it's my



Page 34

1    THE COURT: All right. May father be
2 excused?
3    MS. MARTONCIK: I have one more thing
4 regarding father. And this has been raised with his
5 counsel already. There have been several allegations that
6 have made -- been made in the last few weeks. One of them
7 is that father has been drinking excessively. None of the
8 visitation notes reflect that concern. However, there's a
9 very easy way for us to rule that out and that is by
10 father engaging in some testing for the department. So we
11 are going to ask that father engage in six weeks of
12 rule-out testing for the department. The case manager
13 will provide him with that information when she next sits
14 down with him, but I wanted to make him aware of that on
15 the record so that he was not caught by surprise when the
16 case manager sat down with him next.
17    MS. NICHOLLS: And that's fine. He's --
18 he's in agreement to do that. I would just ask that that
19 sit-down happen sooner rather than later so that
20 there's -- time's not being wasted that he could be
21 demonstrating that these allegations are utterly false.
22    MS. MARTONCIK: Absolutely.
23    THE COURT: Can we sit down this week?
24    MS. BELL: Yes, that's not a problem.
25    MS. MARTONCIK: Yes, absolutely.

Page 35

1    THE COURT: Okay. The Court will order the
2 department to sit down with father this week and get the
3 EtG testing going.
4    If you can go ahead and translate all that.
5 Thank you, ma'am.
6    THE INTERPRETER: Thank you.
7    THE COURT: All right. May he be excused?
8    MS. MARTONCIK: As far as the department.
9    MS. GILLESPIE STRUB: We would like his
10 passports turned in. The children's passports turned in
11 too. Were you going to address that?
12    MS. MARTONCIK: I have been told that the
13 children do not have passports by Ms. Nicholls, but the
14 department did address that with father's counsel after it
15 was raised by mother. The department was told that --
16 that the children do not have passports. If they do,
17 certainly, it's not unreasonable for them to be turned in.
18    MS. GILLESPIE STRUB: Well, my client
19 believes they have Turkish passports and father had made
20 an indication early in the case that he was going to flee
21 with the children to Turkey. We have declarations from my
22 client's parents about that.
23    THE COURT: Okay. Hold on.
24    MS. GILLESPIE STRUB: Okay.
25    THE COURT: Let's interpret. And then we'll

Page 36

1 hear from Ms. Nicholls.
2    THE INTERPRETER: Okay.
3    THE COURT: Ms. Nicholls, are there
4 passports of any kind?
5    MS. NICHOLLS: As to the children, he does
6 not believe so. It's his understanding that the
7 applications that both parents had filled out for the
8 children are with Jessica in her parents' home and that
9 they did not get a passport because they couldn't do the
10 pictures of the kids.
11    His passport, I don't know why he would need
12 to turn that over. He's here. He's always been here.
13 He's not planning on leaving. He's actively working with
14 his mother to try to have his mother come to the United
15 States to also help in the transition of the kids. He's
16 not planning on going anywhere.
17    THE COURT: And I don't think his passport
18 is at issue in my mind. I think it was just the children.
19    MS. MARTONCIK: The department has no need
20 for father's passport.
21    THE COURT: Okay. So let us be very clear,
22 if either parent has passports from any country for the
23 children, they need to be surrendered to the department.
24    MS. MARTONCIK: That would be appreciated.
25    THE COURT: That is the Court's order within

Page 37

1 24 hours of today. If they're -- either parent has
2 outstanding passport applications that are filled out in
3 any way, shape, or form, they are not to submit them to
4 any country's processing desk for passports unless there
5 is an agreement with each other and the department to do
6 so. And then that way you all can file something with me
7 if you need to, but I'm not allowing you all to get
8 passports for the children unless there's a reason to do
9 so that the department approves of.
10    Any objection to that?
11    MS. NICHOLLS: No.
12    MS. MARTONCIK: No.
13    MS. GILLESPIE STRUB: No.
14    MR. COORDES: Your Honor, may I make an
15 amendment to that?
16    THE COURT: Sure.
17    MR. COORDES: Is it possible that the Court
18 also order that any applications that have filled out in
19 any way can be surrendered to the department within 24
20 hours, not just the applications, because -- just so
21 there's no -- no confusion about any outstanding
22 applications.
23    THE COURT: I don't have -- if there's a
24 concern about fleeing -- I've had this issue come up in a
25 different context -- it can be -- it can have very real



Page 58

```
1    moot?
2              THE COURT:  Yes.  You agree that they're
3    moot?
4              MS. GILLESPIE STRUB:  Moot, yes.
5              THE COURT:  Yes.
6              MS. GILLESPIE STRUB:  Not -- not denial on
7    the merits but just moot.
8              THE COURT:  Right.  All the motions are moot
9    that were outstanding.
10             Thank you.  This matter's adjourned.
11             MS. MARTONCIK:  Thank you.
12             (Hearing concluded at 2:41 p.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 59

```
1    STATE OF ARIZONA        )
                             ) ss.
2    COUNTY OF MARICOPA      )
3              BE IT KNOWN that the foregoing audio/video
     recording was transcribed by me; that the foregoing pages
4    are a full, true, and accurate record of the audio
     recording, all done to the best of my skill and ability.
5
             I CERTIFY that I am in no way related to any of
6    the parties hereto, nor am I in any way interested in the
     outcome hereof.
7
8         [ ]  Review and signature was requested.
          [ ]  Review and signature was waived.
9         [X]  Review and signature not required.
10
             I CERTIFY that I have complied with the ethical
11   obligations set forth in ACJA 7-206(F)(3) and ACJA 7-206
     J(1)(g)(1) and (2).
12           Dated at Phoenix, Arizona, this 9th day of
     February, 2025.
13
14
                    /s/ Keisha Heflin
15
     _____
16
                    KEISHA HEFLIN, CET
17                  Certified Electronic
                    Transcriber CET-545
18
             *    *    *    *    *    *
19
20           I CERTIFY that Griffin Group International has
     complied with the ethical obligations set forth in ACJA
21   7-206 (J)(1)(g)(1) through (6).
22                  /s/ Griffin & Associates
     _____
23                  GRIFFIN & ASSOCIATES, LLC
                    Registered Reporting Firm
24                  Arizona RRF No. R1005
25
```

