Larry J. Crown (No. 013133)
Elan S. Mizrahi (No. 017388)
**BRUECKNER SPITLER SHELTS PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Telephone:   480-483-9600
Facsimile:    480-483-3215
Emails:        lcrown@bss.law
                    elan@bss.law

*Attorneys for Defendants The State of Arizona, Arizona Department of Child Safety ("DCS"), Madison Bell, and Mecca Temple*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jessica Kahraman, an individual; D.K., a minor, through his parent and guardian Jessica Kahraman; and K.K., a minor, through his parent and guardian Jessica Kahraman,<br><br>               Plaintiffs,<br>      v.<br><br>The State of Arizona, a governmental entity, et al.,<br><br>               Defendants. | Case No. 2:22-cv-00375-SRB<br><br>**RULE 56(c), Fed.R.Civ.P., OPPOSITION TO PLAINTIFFS' ADDITIONAL FACTS** |

Defendants State of Arizona, Arizona Department of Child Safety ("DCS"), Madison Bell and Mecca Temple (collectively, "State Defendants") pursuant to Rule 56(c), Fed.R.Civ.P., hereby object and respond in opposition to Plaintiffs' Controverting Statement of Facts in Support of Response in Opposition to Defendants' Motion for Summary Judgment, Section II. "Additional Facts That Establish a Genuine Issue of Material Fact" ¶¶ 89 through 103 as follows:

89.    Disputed. Exhibit W is an email from Sara Kramer dated 12/31/18. It is not sworn, it is hearsay regarding Madison Bell, and it does not mention FDIA.

90.    Disputed. This is attorney argument and not a fact. Exhibit P is an Affidavit from Dr. Gray dated 1/8/23. Exhibits AA and AB are reports of Mary Oakley that were

available for consideration by the Juvenile Court. Exhibit AC are deposition pages from Madison Bell's deposition, Part 1, on p. 224, l. 13-18, where Bell denied having a preconceived notion about Mother in this case being a Munchhausen parent. Exhibit AM is an email from Mecca Temple to Madison Bell stating: "This is a medical neglect case." Exhibit AT is an email from Madison Bell dated August 14, 2019 that lists conditions for return. These exhibits do not support the attorney argument set forth in ¶ 90.

91. Disputed. This paragraph does not contain a fact. It contains attorney arguments and accusations. Attorney arguments and accusations were addressed and ruled on by Judge Green during the Juvenile Court Dependency Proceeding. *(See* Exhibit 263, SOF ¶¶ 63 to 73 where the Court assessed witness credibility and made findings of fact.)

92. Disputed. Madison Bell and Jessica Kahraman were two of the witnesses who testified under oath before Judge Green at the Rule 59 Evidentiary Hearing on May 12, 2020. As a trier of fact Judge Green assessed credibility, weighed evidence, and made findings of fact and conclusions. *(See* Exhibit 263, SOF ¶¶ 63 to 73 where the Court assessed witness credibility and made findings of fact.)

93. Disputed. Plaintiffs name-calling Dr. Kelly as a "hired gun" is not a fact. Judge Green found Dr. Kelly to be credible in making findings of fact from the Rule 59 Evidentiary Hearing held May 12, 2020 as set forth in her Order dated June 11, 2020. *(See* Exhibit 263, SOF ¶¶ 63 to 73 where the Court assessed witness credibility and made findings of fact.)

94. Disputed. This is not a fact. The statement lacks foundation and is irrelevant. *(See* Exhibit 263, SOF ¶¶ 63 to 73 where the Court assessed the witness credibility of Dr. Rodriguez.)

95. Disputed. Jessica Kahraman testified at both the May 12, 2020 Rule 59 Evidentiary Hearing. Judge Green assessed her credibility, weighed evidence, and made findings of fact. *(See* Exhibit 263, SOF ¶¶ 63 to 73 where the Court assessed witness credibility and made findings of fact.)

96. Disputed. These Exhibits do not establish the statement in ¶ 96. The statement is not supported by sworn testimony and lacks foundation. Carla White testified at her

deposition that Southwest Human Development used the ACCEPTS model in medical neglect cases. *See* deposition testimony of Carla White, p. 78-79, 133, 194, Exhibit A attached to Defendants' Reply Brief.

97. Disputed. This is not a fact but is attorney argument. There is no foundation in the cited Exhibits for the statement, and it is irrelevant to the issues to be decided in this Motion.

98. Admit only that Assistant Attorney General Katherine Martoncik spoke the cited words in court at the January 6, 2020 Adjudication Hearing. Dispute the statements about Bell as lacking evidentiary foundation.

99. Admit. The State Defendants note that the third Rule 59 Evidentiary Hearing was held on September 15, 2020. The Dependency Proceedings involving KK and DK were terminated on November 9, 2020. All pending Motions were declared moot. The Court found that the boys have been under the exclusive jurisdiction of the Juvenile Court.

100. Disputed. This statement is irrelevant. The Dependency Proceeding was dismissed on November 9, 2020. The Court released the children from the wardship of the Juvenile Court and relieved DCS of responsibility of the children. Events that occurred subsequent to November 9, 2020 do not involve Defendants Bell and Temple and are irrelevant.

101. Disputed. This statement is irrelevant. The Dependency Proceeding was dismissed on November 9, 2020. The Court released the children from the wardship of the Juvenile Court and relieved DCS of responsibility of the children. Events that occurred subsequent to November 9, 2020 do not involve Defendants Bell and Temple and are irrelevant.

102. Disputed. This statement is irrelevant. The Dependency Proceeding was dismissed on November 9, 2020. The Court released the children from the wardship of the Juvenile Court and relieved DCS of responsibility of the children. Events that occurred subsequent to November 9, 2020 do not involve Defendants Bell and Temple and are irrelevant.

103. Disputed. Plaintiffs' standard of care expert Timothy Turner was not provided with pleadings or court orders from the Dependency Proceeding. Turner testified he does not question the Juvenile Court rulings and does not present causation opinions.

RESPECTFULLY SUBMITTED this  13th  day of March, 2025.

**BRUECKNER SPITLER SHELTS PLC**

By: /s/ *Larry J. Crown*
Larry J. Crown
Elan S. Mizrahi
*Attorneys for Defendants The State of Arizona, Arizona Department of Child Safety ("DCS"), Madison Bell, and Mecca Temple*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on this  13th  day of March, 2025, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

/s/ *Karin A. Meister*