Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
Mills + Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480-999-4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Kahraman, *et al.*,<br><br>                Plaintiffs<br><br>v.<br><br>The State of Arizona, *et al.*,<br><br>                Defendants. | Case No.: CV-22-00375-PHX-SRB<br><br>**PLAINTIFFS' OBJECTION TO STATE DEFENDANTS' BILL OF COSTS (DOC. 246)**<br><br>(Hon. Susan R. Bolton) |

Plaintiffs Jessica Kahraman, D.K, and K.K., by and through their counsel and pursuant to LRCiv. 54.1(b), hereby submit this *Objection to State Defendants' Bill of Costs (Doc. 246)* in opposition to the Bill of Costs filed by State Defendants on July 9, 2025. *See* Doc. 246. This Objection is supported by the points and authorities below, the Declaration of Jessica Kahraman (née Mann) ("Jessica Decl.") attached hereto as **Exhibit 1**, and the pleadings, filings, and orders in this matter of which this Court can take judicial notice.

## I. BACKGROUND

The Plaintiffs in this matter are or were Jessica Kahraman and her two minor boys, D.K. and K.K. Jessica Decl. ¶¶ 1-2. The boys are currently 12 years old. *Id*. ¶ 4. Plaintiffs filed a complaint in this matter in state court in November 2021 asserting federal claims based on 42 U.S.C. § 1983 and seeking damages for State Defendants' violations of Plaintiffs' constitutional rights in wrongfully removing the boys from their parents' care, and then, once removed, failing to return them to their mother's care for nearly two years. *See* (Doc. 1-3). The complaint also set forth several state law tort claims. *Id*. State Defendants then removed the case to federal court. *Id*. The complaint was amended several times. *See* (Docs. 17, 74). State Defendants' Motion to Dismiss Second Amended Complaint (Doc. 92) was granted in part and denied in part. *See* (Doc. 145). As a result of that ruling, Plaintiff Jessica Kahraman, individually, had no claims remaining, and the minor Plaintiffs were left with only a few federal and state law claims against State Defendants. *Id*. State Defendants then undertook very limited discovery, setting the depositions of only three witnesses: Plaintiff Jessica Kahraman, Plaintiffs' expert Timothy Turner, and Dr. Ryan Stewart, a non-party. Plaintiffs noticed all the other depositions taken in this case. Plaintiff served written discovery requests on State Defendants, whereas State Defendants did not undertake any written discovery.

More than three years into the case, and after the parties incurred tens of thousands of dollars in costs and expenses, *see* Jessica Decl. ¶¶ 17-18, 20, State Defendants filed a motion for summary judgment based primarily on preclusion theories and arguing that there were no genuine issues of material facts due to the myriad juvenile court rulings in the underlying juvenile court dependency proceedings – a motion and arguments State Defendants could have filed long before they did and long before they incurred the more than $11,493.00 they now seek as taxable costs. The district court granted State Defendants' motion for summary judgment as to the boys' few remaining claims, *see* (Doc. 243), even though those claims turned on whether State Defendants meet the applicable standard of care for child safety case workers – an issue on which the parties had competing

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

expert opinions, *see* (Docs. 229, 232). State Defendants timely filed a Bill of Costs ("Bill") seeking $11,493.77 to be assessed against Plaintiffs to the benefit of the State of Arizona. *See* (Doc. 246). In that Bill, State Defendants seek reimbursement for (i) the deposition transcripts for the three depositions they noticed, (ii) a video deposition of one of the three witnesses they noticed, and (iii) seven deposition transcripts for witnesses Plaintiffs noticed for deposition.

## II. APPLICABLE LAW

Although Rule 54(d)(1), Fed. R. Civ. P., creates a presumption for an award of costs to a prevailing party, courts retain discretion to deny or limit such awards. Fed. R. Civ. P. 54(d). 28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Civil Local Rule 54.1(e) provides additional "standards for interpreting the costs allowed by section 1920." *See Intermedics v. Ventritex, Co.*, No. C-90-20233, 1993 WL 515879, at *1 (N.D. Cal. Dec. 2, 1993) (interpreting a local rule in the Northern District of California that is similar to LRCiv 54.1(e) in this district). The local rule sets forth those costs that are potentially recoverable as "taxable costs." *See* LRCiv. 54.1(e). The costs for deposition transcripts are taxable costs if they were "necessarily obtained" for use in the case. LRCiv. 54.1(e)(3). However, "[c]osts associated with a video recording are not taxable[,]" therefore, they are not recoverable. *See id*.

The Court may also refuse to award costs to a prevailing party on several recognized grounds, including:

- The losing plaintiff's financial inability to pay;
- The prevailing defendant recovering only nominal damages or insignificant damages;
- Bad faith or obstructive litigation practice by the defendant;
- Unreasonably large or excessive litigation expenses;
- The importance and complexity of the issues;
- The merit of the plaintiff's case, even if the plaintiff loses;

3

- The cases involves close questions of law or fact;
- Granting costs to a defendant might have a chilling effect that deters others from bringing similar cases to vindicate their rights.

*See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Stanley v. Univ. of Southern California*, 178 F.3d 1069, 1079 (9th Cir. 1999)). Ultimately, whether to award costs to a prevailing defendant, and if so, the amount, are in the discretion of the court.

Somewhat relatedly to the award of costs in § 1983 cases is 42 U.S.C. § 1988(b), which provides for an award of attorneys' fees to a prevailing party in § 1983 actions. *See Sole v. Wyner*, 551 U.S. 74, 77 (2007). "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). "Attorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1036 (9th Cir. 2005); *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 202 (9th Cir. 1989). "The mere fact that a defendant prevails does not automatically support an award of fees. A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because [the defendant] succeeds, but *only where the action brought is found to be unreasonable, frivolous, meritless, or vexatious*." *Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) (citations and internal quotations omitted, emphasis added); *see also Kentucky v. Graham*, 473 U.S. 159, 165 n.9 (1985); *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *Fabbrini v. City of Dunsmuir*, 631 F.3d 1299, 1302 (9th Cir. 2011); *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971-72 (9th Cir. 2011). Section 1988 does not provide for an award of fees for state or common law claims, unless there is nearly complete overlap in both facts and law to the state law claims. *See Crane-McNab v. County of Merced*, 773 F. Supp. 2d 861, 885 (E.D. Cal. 2011). It seems just and equitable to apply this same "unreasonable, frivolous, meritless, or vexatious" standard to an award of costs,

as well, for the same reason of not wanting to chill plaintiffs from pursuing vindication of their civil rights.

### III. LEGAL ANALYSIS

There are several reasons to deny State Defendants Bill in this case. *First*, the only Plaintiffs against whom the judgment will be entered. K.K. and D.K., are minors with no income and no assets. *Second*, their mother and former Plaintiff, Jessica Kahraman, against whom the judgment will not be entered, is not financially able to bear those costs. *Third*, the action raised issues of public importance and involved consideration of complex questions of law and fact. *Fourth*, the claims were not unreasonable, frivolous, meritless, or vexatious. *Fifth*, imposing costs may chill other civil rights litigants. *Finally*, State Defendants seek costs which were not necessarily incurred and to which they are not entitled under the local rules.

#### A. The Only Judgment Debtors Are Unemployed and Unemployable Minors with No Assets

As the Court notes in its summary judgment ruling, the only remaining Plaintiffs against whom the judgment will be entered are K.K. and D.K., minors who are only 12 years old. Jessica Decl. ¶ 4. They do not have jobs, *id*. ¶ 6, nor assets, *id*. ¶ 6, and are not employable in the State of Arizona, *see* Minimum Legal Age to Work in Arizona: How Old? (last visited July 23, 2025). Not only would it be unseemly and desperate for the State of Arizona to seek enforcement of a money judgment against two 12 year old boys, it would be futile for it to attempt to do so since they have no assets and no way to earn wages to satisfy a judgment. The Bill should be denied in its entirety for this reason.

#### B. Plaintiffs' Mother, Jessica Kahraman, Cannot Financially Bear a Judgment of Costs for the Boys

Plaintiff Jessica Kahraman was dismissed from this action in April 2023, *see* (Doc. 145), at a time ten (10) months before the first, and any, of the depositions pertinent to the Bill were taken, *see* (Doc. 195) (Notice of Deposition for Ryan Stewart, M.D. setting that deposition for February 26, 2024); twenty (20) months before State Defendants filed their motion for summary judgment, *see* (Doc. 212, filed December 16, 2024); and more than

5

twenty-six (26) months before the Bill was filed, *see* (Doc. 246, filed July 9, 2025). In short, none of the costs being sought were incurred while Jessica was a Plaintiff. It would be improper and unjust to enter a judgment of costs against her. Additionally, as set out in detail in her Declaration, Jessica's income barely meets the housing, food, clothing, transportation, and health/medical needs for her and the boys. Jessica Decl. ¶¶ 4-5, 7-20. Entry of an $11,493.77 judgment against her, or a judgment for any amount of money, even if proper and just, would be a financial hardship on Jessica and her household and likely drive her into bankruptcy. *Id*. ¶¶ 18, 20.

### C. Family Association is a Paramount Constitutional Right

"It is well established that a parent has a 'fundamental liberty interest' in 'the companionship and society of his or her child' and that 'the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (quoting *Kelson v. City of Springfield*, 767 F.2d 651, 654–55 (9th Cir.1985)). "[T]his constitutional interest in familial companionship and society logically extends to protect children from unwarranted state interference with their relationships with their parents." *Id*. (quotation omitted).

"When it comes to parents and their children, courts are in unison: the 'relation gives rise to a liberty interest that a parent may not be deprived of absent due process of law." *Siefert v. Hamilton County*, 951 F.3d 753, 762 (6th Cir. 2020). The Supreme Court has called parents' "care, custody, and control of their children ... perhaps the oldest of the fundamental liberty interests recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (plurality opinion). This right is "far more precious than [any] property right[ ]." *Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 38 (1981) (Blackmun, J., dissenting) (quoting *May v. Anderson*, 345 U.S. 528, 533 (1953)). "Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). "Procedural safeguards also apply when the state engages in a temporary deprivation of physical custody of a child." *Siefert*, 951 F.3d at 762.

All that is to say the constitutional rights at issue in this action are of significant public interest, as is any state governmental action by its child welfare agencies in removing children from the home of their parents. The nature of the constitutional claims themselves are complex and intricate considerations of law and facts. The same is true regarding issues of the standard of care applicable to state-employed child welfare workers. Indeed, the standard of care issues required the parties to engage expert witnesses to address them, and both Plaintiffs and State Defendants engaged standard of care expert witnesses. In short, this is another factor on which the Clerk and the Court may properly deny the Bill in its entirety.

### D.     The Claims were not Unreasonable, Frivolous, Meritless, or Vexatious

As noted in the previous section, the claims here were asserted to vindicate "perhaps the oldest of the fundamental liberty interests" recognized by our courts. Also, the claims upon which the judgment rests survived the motion to dismiss motion practice, demonstrating that they were at the very least "plausible" claims. Moreover, although the Court (incorrectly) found that there were no justiciable genuine issues of material fact sufficient to survive summary judgment, it did not find that the § 1983 claim was unreasonable, frivolous, meritless, or vexatious. Consequently, the Bill should be denied in its entirety.

### E.     Allowance of the Bill will Chill the Pursuit by Others of Similar Claims

It is widely recognized that awards of fees to prevailing defendants in civil rights cases causes other potential civil rights claimants to forego the vindication of those rights. Plaintiffs believe and contend the same can be said of a five-figure award of costs. For this reason, the Bill should be denied in its entirety.

### F.     Not All the Costs Sought were Necessarily Incurred and are Considered Taxable under Local Rule Civil 54.1

State Defendants' motion for summary judgment was based largely on the record from the underlying juvenile court dependency proceedings. State Defendants had all the pleadings, hearing transcripts, orders, and medical records from those proceedings

necessary to support its motion for summary judgment. *See* (Doc. 217-1 at 1-3). They did not need to take any depositions in this case, nor purchase transcripts for the depositions Plaintiffs noticed (i.e., Bell, Kramer, Temple, White). Simply put, the deposition related costs State Defendants seek were not necessarily incurred. For instance, even before any depositions were taken, State Defendants could have filed their motion for summary judgment supporting it with all the juvenile court orders, rulings, minute entries, and medical records they did use, along with affidavits from Ms. Bell, Ms. Kramer, and Ms. Temple, all of whom are or were Department of Child Safety employees and State Defendants themselves.

Furthermore, State Defendants did not even use the transcripts of Mr. Turner, Ms. Kahraman, or Ms. White, a fact demonstrating the lack of necessity to incur those costs, yet State Defendants are seeking reimbursement for those costs.

Finally, State Defendants seek reimbursement for the "Video of Deposition" of Ryan Stewart, M.D. This is a cost that is not taxable under Local Rule 54.1(e); thus, it should not be allowed.

In sum, the Bill should be denied in its entirety since the costs were either not necessarily incurred, or are not taxable under the local rules. Alternatively, the following deposition costs, at the least, should not be allowed because State Defendants did not rely on them to support their motion, *see* (Doc. 217-1 at 1), thus they were not necessarily incurred, or they are not taxable under the local rules:

- Timothy Turner                                  $   933.70
- Jessica Kahraman                             $1,571.00
- Carla White, Vol. 1                            $   647.45
- Carla While, Vol. 2                            $   304.20
- Ryan Steward, M.D. (Video Deposition)    $   591.25
- Total                                                  $4,047.60

8

## IV. CONCLUSION

There are several reasons to deny State Defendants Bill in its entirety. *First*, the only Plaintiffs against whom the judgment will be entered. K.K. and D.K., are minors with no income and no assets; thus, no means by which to satisfy a money judgment. *Second*, their mother and former Plaintiff, Jessica Kahraman, against whom the judgment will not be entered, is not financially able to bear those costs, and any monetary judgment against her will likely lead to bankruptcy. *Third*, the action raised issues of public importance and involved consideration of complex questions of law and fact about fundamental liberty interests and the standard of care applicable to child welfare case workers. *Fourth*, the claims were not unreasonable, frivolous, meritless, or vexatious. *Fifth*, imposing costs may chill other civil rights litigants. *Finally*, based on the theories and arguments State Defendants made at summary judgment, the deposition transcript expenses they seek were not necessarily incurred and they are not entitled to reimbursement of video deposition costs by local rule.

For all those reasons, State Defendants' Bill of Costs should be denied in its entirety. Alternatively, reducing the Bill by the value of the deposition transcripts not necessary and unused by State Defendants and the non-taxable video deposition, all of which totals $4,047.60, the award should be no more than $7,446.17 since those additional costs were not necessarily incurred and/or are not taxable under the local rules.

**RESPECTFULLY SUBMITTED** this 24th day of July 2025.

                                  **MILLS + WOODS LAW PLLC**

                                  By  */s/ Thomas A. Connelly*
                                      Thomas A. Connelly
                                      Robert T. Mills
                                      Sean A. Woods
                                      5055 North 12th Street, Suite 101
                                      Phoenix, AZ 85014

**GILLESPIE, SHIELDS &TAYLOR**
DeeAn Gillespie Strub
7319 North 16th Street
Phoenix, AZ 85020
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2025, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

   /s/    Thomas A. Connelly