DECLARATION OF JESSICA KAHRAMAN (née Mann)

1. I was a Plaintiff in the matter of *Kahraman v. State of Arizona, et al.*, No. CV-22-00374-PHX-SRB, in the United States District Court, District of Arizona. All of my claims were dismissed by the court in April 2023.

2. I am the mother of Plaintiffs D.K. and K.K., the only remaining Plaintiffs with claims pertinent to judgment.

3. I have firsthand knowledge of the matters stated herein, am competent to testify, and would testify in accordance with the statements herein if called upon to do so.

4. I am a single (divorced) woman and have sole legal and physical custody of D.K. and K.K., 12-year-old twin boys. Their father, Ahmet Kahraman, sought a dissolution of our marriage beginning in January 2020, during and precipitated by the underlying juvenile dependency proceedings, with the Consent Decree entered in November 2021. Ahmet voluntarily gave up his parental rights in 2022 and has not had any contact with the boys since that time, nor has he paid child support or provided any financial assistance whatsoever to help raise the boys since that time.

5. I am a small business owner. For the fiscal year ending December 31, 2024, I had taxable income of approximately $60,000, which included part-time employment as a parent provider for an in-home care service company in the Phoenix metropolitan area. My own business suffered a significant loss of clients during the two years of the juvenile dependency proceedings that I have not yet been able to recover. I have no other source of income. And, as noted in paragraph 4, the boys' father does not pay child support and does not otherwise provide any financial assistance to help raise the boys. (In fact, his whereabouts are currently unknown and have been unknown since 2022.)

6. The boys are minors and do not work. They do not have a trust fund, stocks, bonds, savings accounts, or any other assets out of which a judgment of costs could be satisfied.

7. The condominium we lived in as a family at the time the State Defendants removed the boys in December 2018 was discovered to be mold infested in April 2019. After the removal and while the juvenile dependency matter was pending, the mold was

remediated, and the condominium was sold in early 2020. The lion's share of my half of the sale proceeds were used to pay attorneys' fees and expert fees – experts the State Defendants ignored in the juvenile proceedings – I personally incurred in defense of the juvenile dependency proceedings.

8. The boys and I reside in a two-bedroom apartment in Tempe, Arizona. The monthly rent is $2,100.00. Monthly utilities are approximately $500.00 in total for electric, internet access, gas, water, and trash removal.

9. Our average monthly food bill is $1,200.00, which I expect will only increase as the boys age, grow, and mature.

10. Clothing, shoes, sporting equipment and enrollment fees for the boys is approximately $800.00 per quarter.

11. The boys are enrolled in a charter school with no tuition but books, supplies, equipment, and uniforms will cost $1,500.00 initially, with additional costs expected to be assessed throughout the school year, the amount of which are currently unknown.

12. The only vehicle I own is a 2019 Toyota Corolla with approximately 160,000 miles. The monthly loan payment is $450.00. The automobile insurance is $220.00 per month. Gas costs are approximately $160.00 per month.

13. K.K. is currently in weekly trauma therapy since January 2022 at a cost of $175.00 per week. D.K. also needs trauma therapy but I cannot afford it at this time. K.K. also needed corrective vision eyeglasses in the last year at an uninsured cost of $1,200.00, which I paid.

14. We do not receive any government assistance, such as SNAP or any other similar type of government programs, except that the boys have medical coverage through AHCCCS because I cannot afford private medical insurance.

15. I cannot afford the costs of health or medical insurance for myself, so I had to cancel my coverage and am currently uncovered.

16. I have no savings to speak of and essentially live from month-to-month. I sometimes borrow money from my mother to make ends meet.

17. Pursuant to the contingent fee agreement with our attorneys in this matter, we are obligated to reimburse them for the costs incurred on our behalf. Those costs exceed $25,000.00, which amount includes state court filing fees, the costs for the same deposition transcripts identified in State Defendants' Bill of Costs (except not the Ryan Stewart, M.D. deposition video), and expert witness fees, all of which are costs necessarily incurred in pursing damages for violation of our constitutional rights under 42 U.S.C. § 1983.

18. I am not financially able to pay for the costs we owe our own attorneys and likewise cannot afford to pay the $11,493.77 in costs that the State Defendants are seeking to have assessed against Plaintiffs.

19. As noted above, the boys also cannot pay a judgment of costs against them.

20. Entry of a judgment of $11,493.77 against Plaintiffs to the benefit of the State of Arizona would cause me and our family financial hardship and may cause me to seek bankruptcy protection on behalf of myself and/or the boys to discharge that such an obligation.

I declare under penalty of perjury that the foregoing is true and correct.

_____        _____
Date                              Jessica Kahraman (née Mann)