**NOT FOR PUBLICATION**

FILED

SEP 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

K.K.; D.K.,

Plaintiffs - Appellants,

and

JESSICA KAHRAMAN,

Plaintiff

v.

MADISON BELL,

Defendant - Appellee,

and

STATE OF ARIZONA; et al.,

Defendants.

No. 25-4717

D.C. No.
2:22-cv-00375-SRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted September 14, 2026
Phoenix, Arizona

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BADE and TUNG, Circuit Judges, and KANE, District Judge.**

Minors K.K. and D.K. (the "Twins"), through their mother, appeal the district court's order granting summary judgment in favor of Arizona Department of Child Safety ("DCS") case manager Madison Bell. In their 42 U.S.C. § 1983 action, the Twins sued Bell for her role in their court-ordered separation from their mother after K.K. was admitted to the hospital and treated for severe malnutrition and suspected child abuse. We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th Cir. 2021). We affirm.

1. The district court properly granted summary judgment in favor of Bell on the Twins' substantive due process claim for violation of their constitutional right to familial association. The district court ruled that no reasonable factfinder could conclude that Bell's conduct amounted to "unwarranted interference" with the familial relationship on the evidence of record. *See Crowe v. County of San Diego*, 608 F.3d 406, 441 n.23 (9th Cir. 2010). After K.K. was admitted to the hospital, the hospital's Suspected Child Abuse and Neglect team became involved and DCS sought ex parte removal of the Twins from their parents' custody. The juvenile court issued an ex parte removal order, finding probable cause to believe that it was

** The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

contrary to the Twins' welfare to remain in the home. Thereafter, Bell was assigned to the case and filed multiple reports with the juvenile court, oversaw certain aspects of the Twins' visitation with their parents, and testified in the dependency proceedings.

The district court properly concluded that there was no evidence that Bell withheld exculpatory information from the juvenile court or took any unwarranted actions in her role as a DCS case manager. It also properly concluded that the juvenile court, not Bell, made the decisions regarding removal and dependency. The record demonstrates, at most, a difference of opinion between Bell and the Twins' mother about the proper course of action regarding visitation and dependency. In other familial association cases, we have held that "only official conduct that 'shocks the conscience' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The Twins failed to adduce evidence creating a genuine dispute of material fact under either the "unwarranted interference" standard or the "shocks the conscience" test. Accordingly, the district court did not err in granting summary judgment in favor of Bell on the Twins' familial association claim.

2. The district court properly granted summary judgment in favor of Bell on the Twins' abuse of process claim under Arizona law because no reasonable factfinder could conclude that Bell acted with an ulterior purpose. *See Crackel v.*

*Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004) (quoting *Nienstedt v. Wetzel,* 651 P.2d 876, 881 (Ariz. Ct. App. 1982)).

3. Similarly, the district court properly granted summary judgment in favor of Bell on the Twins' claim for intentional infliction of emotional distress under Arizona law because no reasonable factfinder could conclude that Bell's conduct was extreme and outrageous. *See Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

**AFFIRMED.**